# SUPREME COURT

OF THE

STATE OF IOWA

AT

DES MOINES, MAY TERM, 1919

---

Joseph Sansone et al., Appellees, v. J. F. Crocker,

Appellee; A. B. Currier, Intervener and Appellant.

**LANDLORD AND TENANT:** Tender of Rent by Third Party. A written offer by one who is not a party to a lease, and who repudiates all responsibility thereon, to pay, on his own behalf, the amount of rent *then* due, in full discharge of the lease, is no impediment to the landlord to proceed against the tenant by way of landlord's attachment to collect such matured rent.

*Appeal from Lee District Court.*—W. S. Hamilton, Judge.

February 17, 1919.

Rehearing Denied May 8, 1919.

Action for rent due. Landlord's attachment was issued and levied upon the property of the tenant upon the leased premises. Intervener Currier intervened as an alleged purchaser of the property thus attached. The issue on the intervention was tried by the court without a jury,

and resulted in judgment for the plaintiff, dismissing the intervention. The intervener appeals.—*Affirmed.*

*Hughes, Rankin & Dolan,* for appellant.

*W. R. C. Kendrick* and *Craig & Sprowls,* for appellees.

EVANS, J.—The defendant Crocker was the assignee of a lease, who had been duly accepted as a tenant under such lease by the plaintiffs. The lease in question was for a period of two years, and provided for a rental of $80 per month, payable in advance. The leased premises consisted of the first floor of a building in the city of Keokuk, and were used by the lessee as a moving picture show. The property of the lessee contained in said building consisted of a moving picture outfit. One installment of rent became due on November 21st, upon which a partial payment of $20 was made by the lessee. No further payment of rent was ever made by the lessee. Some time later, Crocker transferred the property to Currier, a resident of Quincy, Illinois, and a stranger to the plaintiff; and he left the state. Currier sent an agent, who took possession of the property by locking the doors of the leased premises. Thereupon, the plaintiff went to Quincy, Illinois, and obtained an interview with Currier, who, in the meantime, had contracted the property to one Padwick. The result of the interview at Quincy was that Currier declined to put himself in the position of an assignee of the lease. On the contrary, he claimed that Crocker had represented to him that he was a tenant at will only. He repudiated all claim of the plaintiff for rent to accrue in the future. This interview having failed of result, the plaintiff returned to his home. On December 13th, Currier wrote him a letter, advising him that he was about to remove the property out of the plaintiff's building, and advising him of the amount which he was willing to pay. This letter will be set forth later. It was received by the plaintiff on December 14th. On December 15th, he began his attachment suit. In

the attachment suit, he made Currier a party defendant, alleging that he claimed some interest in the property, and that his claim was inferior to that of plaintiff. No appearance was made by either defendant until February 24, 1916. The case was not brought to trial until October, 1917. On October 4, 1917, the plaintiff dismissed as to Currier, and obtained judgment against Crocker for the full amount of rent which had accrued up to that date. At the same time, Currier filed a petition in intervention. The general contention for Currier was that, prior to December 15th, by his letter of December 13th, he had tendered to the plaintiff the full amount of rent then due, and that he had kept his tender good by a later deposit of the amount in court; that this tender was the equivalent of a payment of the rent then due, and that the plaintiff had no right to a landlord's attachment; that he wrongfully sued out the landlord's attachment as for $60 of rent due; that he wrongfully levied such wrongful attachment upon the property contained in the leased building; that, in making such levy, the sheriff locked the building, and that the plaintiff thereby evicted his tenant; that such eviction continued down to the time of taking judgment; and that no rent, therefore, accrued after the date of such levy.

It will be noted from the foregoing that only $60 of rent was actually due at the time the attachment suit was commenced. The controlling question is whether the right of plaintiff to bring an attachment suit had been terminated by a previous proper tender of the rent. The following is the letter written by Currier on December 13th:

                "Quincy, Illinois, December 13, 1915.
"Antonio Sansone, Esq.,
        "Keokuk, Iowa.
"Dear Sir:
    "We herewith notify you that we will within a few days commence operation to remove the equipment known as the

Colonial Theater, located in your building at 323 Main Street, Keokuk, Iowa. We further advise that the bill of sale, under which we hold specifies that there is now due sixty dollars, which we are ready and willing to pay. We further advise that the amount specified is precisely the amount demanded from our representative, as evidenced by an affidavit now in our possession, therefore we herein give you formal notice of our intentions to vacate your building on or before the expiration of the time specified in our bill of sale.                    Yours truly,

                         "A. B. Currier."

Can the foregoing letter be regarded as such a tender as would terminate the right of the plaintiff to maintain his lien for rent due and to enforce the same? This was not a tender by the tenant. Currier was in no manner indebted to the plaintiff. He claimed nothing under the lease, but, on the contrary, claimed in hostility thereto. The very purpose of his letter in which the alleged tender was contained was to repudiate the plaintiff's lien as a landlord for all rent to accrue in the future. His letter carried the clear implication that he was offering to pay the $60 for the sake of wholly discharging the property from any claim on the part of the plaintiff. The alleged tender does not purport to be made on behalf of the tenant, but only on behalf of Currier himself, and for the purpose indicated in his letter. While a tender may be made in writing, it must be unconditional, and must recognize the debt which it seeks to discharge. A tender cannot be made by way of a bonus or gratuity. *Kuhns v. Chicago, M. & St. P. R. Co.*, 65 Iowa 528. If the plaintiff had accepted the proposition or tender made in Currier's letter, it would present a grave question whether he could afterwards assert his lien for unaccrued rent, and thereby prevent Currier from removing the property. Inasmuch as Currier was not the plaintiff's debtor, the only consideration moving to him for the payment of the $60 was the condition

stated and implied in his letter. It is urged in argument for the appellant that the plaintiff recognized Currier as his tenant, in that he made him a party defendant, and asked judgment against him for the rent. It is true, as already indicated, that the plaintiff made Currier a party defendant, under an allegation already referred to. It is true, also, that, in a later amendment, his prayer for judgment was made against the "defendants." The plaintiff contends that this was a mere inadvertence of the pleader. It is enough to say that it was later corrected; that there was no allegation in the petition or any of its amendments directed against Currier as a tenant; nor was there any evidence offered on either side that tended to show that Currier had ever sustained such relation to the plaintiff. We think it very clear that the alleged tender shown in this letter did not terminate the right of the plaintiff to proceed against his lessee and enforce his landlord's lien. As between the plaintiff and his lessee, the judgment in plaintiff's favor is conclusive, no appeal having been taken by the defendant.

Evidence was introduced on the part of the intervener to the effect that, prior to the beginning of the attachment suit, one Sterling tendered to the plaintiff the $60 due. Sterling was acting for Padwick. On the other hand, the testimony for plaintiff is that the tender by Sterling was made one week later than the beginning of the suit. If so, the tender, if otherwise good, should have carried an offer of costs. The trial court having found for the plaintiff, we must presume a finding of facts most favorable to the plaintiff. Furthermore, what has already been said concerning the tender by Currier is applicable also to the tender by Sterling. He also was acting in hostility to the lease, and repudiating all claim of lien thereunder except to the extent of $60. The question in dispute between the parties is largely one of fact. The finding of the trial court is, therefore, quite conclusive. Its judgment is, accordingly,—*Affirmed.*

Ladd, C. J., Preston and Salinger, JJ., concur.