[S. F. No. 2789.   Department One.—March 20, 1902.]

## JOHN J. DIRKS, Respondent, v. CALIFORNIA SAFE DEPOSIT AND TRUST COMPANY, Executor of the Will of Sarah Louise Dirks, Appellant.

PLEADING—NEGATIVE AVERMENTS—BURDEN OF PROOF.—The burden of proof of a negative averment in a pleading depends upon the circumstances of the case. A negative averment in a complaint requires proof by the party pleading it only where it is an essential part of the original substantive cause of action upon which the plaintiff relies. In other cases, generally, though a negative averment may be necessary, it need not be proved, but the burden of proof rests upon the other party, whose rights depend upon proof of the affirmative.

ID.—COMPLAINT AGAINST DECEASED WIFE'S EXECUTOR—MONEY WITHDRAWN WITHOUT HUSBAND'S CONSENT—BURDEN OF PROOF.—A cause of action by a husband against the executor of his deceased wife to recover money transferred to her, and deposited in her name in a savings bank, under an agreement that the principal should not be withdrawn by her before his consent or death, and that at her death it should belong to him, does not depend upon proof of the negative averment of his non-consent to the withdrawal of the money by her. The wife's right to withdraw the money depended upon the husband's consent or death, and the burden of proving the husband's consent devolved upon her executor.

ID.—SUPPORT OF FINDING—ABSENCE OF PROOF OF CONSENT.—A finding of the alleged want of consent to the withdrawal of the money is supported by the absence of proof tending to show consent thereto.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

H. A. Powell, for Appellant.

Rosenthal & Wise, for Respondent.

CHIPMAN, C.—Plaintiff and Sarah L. Dirks were husband and wife; he was an old man, and she was a young woman; she died testate on March 21, 1900. On March 19, 1896, at San Francisco, they entered into the following written agreement:—

"AGREEMENT BETWEEN JOHN J. DIRKS AND S. L. DIRKS.

"I, John J. Dirks, transfer to my wife two thousand dollars, part of my money in the Humboldt Savings Bank on March 19, 1896, the interest to being drawn every six months for family use, and that I, S. L. Dirks, will not take this two thousand dollars out of the bank or banks before my husband's consent or before his death. I, S. L. Dirks, consider this money my share, and I will not and can't claim no more. And if I, S. L. Dirks, expire before my husband, then the money, the two thousand dollars, be given back to my husband.

"(Signed)                    S. L. DIRKS.
                             "JOHN J. DIRKS."

On the same day, between 2 o'clock P. M. and 3 o'clock P. M., plaintiff withdrew the sum of two thousand dollars, and the testatrix deposited that amount with said society. Testatrix had no other money on deposit with the society except the dividends accumulated on said deposit. The account showed that testatrix drew out, July 8, 1896, $24.24, which was the June dividend of that year, and on December 16, 1896, she drew out one thousand dollars. She also drew out various sums at sundry times, ranging from twelve dollars to fifty dollars each, in 1897, 1898, 1899, and one amount January 5, 1900, leaving at her death a net balance to her credit of $488.15, which on June 5, 1900, was drawn by the defendant, the total credit, including dividends, amounting at that time to $2,159.83. The dividends, or interest, which she had the right to draw amounted to $159.83. A daughter of plaintiff testified in effect that the testatrix admitted to witness in September, 1896, that she (testatrix), had signed the contract,

"but she [testatrix] said that don't amount to anything." In this conversation with testatrix the witness stated to her that her father showed her the contract and she stated to testatrix its purport. This was all the evidence in the case.

The court found that the contract above stated was entered into by the parties to it; that without plaintiff's consent, his wife thereafter "did withdraw the said sum ($2,000) from such savings bank and did use the same for her own private purposes and convert the same to her own use"; that the said sum has never been repaid to plaintiff. It was found also that the claim was duly presented for payment to the executor, but it failed and neglected to pay the same, and plaintiff considered the refusal and neglect as equivalent to the rejection of the claim. As conclusion of law, the court found that plaintiff was entitled to judgment for two thousand dollars, with interest at seven per cent from March 27, 1900, payable in due course of administration. Judgment accordingly passed for plaintiff, from which and from the order denying motion for a new trial defendant appeals.

Plaintiff brings the action on two counts, alleging in the first that "in her lifetime the said Sarah L. Dirks had and received of and from plaintiff the sum," etc. In the second count the contract is alleged, and it is averred that the said Sarah, "without the consent of this plaintiff, withdrew the said sum from such savings-bank institution and did use the same for her own private purposes and convert the same to her own use."

Appellant contends,—1. That there is no evidence that plaintiff transferred the money named in the agreement; and 2. There is no evidence that the wife withdrew the money in violation of the agreement, or without the consent of plaintiff, or that she used the money for her own private purposes or converted it to her use.

We think the evidence justified the finding of the court, that the money which was placed to the credit of Mrs. Dirks was the money referred to in the agreement. The debatable question in the case is whether the burden of proof was on plaintiff to establish his negative allegation, that the money was withdrawn without his consent. The agreement contemplated the withdrawal of the interest on the deposit "every six months for family use," but the two thousand dollars was

not to be drawn out except with the husband's consent or upon his death, and if the wife died first the money was to be returned to the husband. Having received the money upon these conditions, any withdrawal of money beyond the interest would be a violation of the agreement, unless one or both of the contingencies upon which the wife took the money had happened. In withdrawing the principal she violated the agreement, and could justify her act only by showing that it was with her husband's consent, if living, or that he was dead when she drew the money. It is difficult, if not impossible, to lay down a general rule by which it may be determined upon which party to an action the burden of proof falls where a negative is averred. The circumstances of each case must necessarily have much to do with applying the rule. Our code rule is as follows: . . . "Evidence need not be given in support of a negative allegation, except when such negative allegation is an essential part of the statement of the right or title on which the cause of action or defense is founded." . . . Plaintiff's right or title here was his right to this money, which the agreement clearly established in him; he never parted with this right, except as to the interest accruing, to which the agreement gave his wife the right. Before she could have any right to the principal she would have to show, if he was alive, that her husband had consented, and the same burden rested on her representative claiming under her. Plaintiff's cause of action was not founded on his non-consent to the withdrawal of the money from bank. He probably could have recovered on his first count, but having set up the agreement, and having alleged non-consent in the second count, and the court having decided the case under this count, we think the finding was justified, as defendant failed to prove consent. The rule as to burden of proof will be found discussed in *Tuohy* v. *Woods,* 122 Cal. 665; *County of Mendocino* v. *Johnson,* 125 Cal. 339; *Melone* v. *Ruffino,* 129 Cal. 514;[1] and cases cited in the opinions. It was said in the Melone case: "A negative allegation is to be proved only where it constitutes a part of the original substantive cause of action upon which the plaintiff relies, and this is an exception to the general rule," which elsewhere the opinion states to be, "that a party is not called upon to

---

[1] 79 Am. St. Rep. 127.

prove his negative averments, although they may be necessary in his pleading."

The case of *Bagnall* v. *Roach*, 76 Cal. 106, cited by appellant, is unlike the present case, and the ruling there is not in conflict with cases cited above, nor does it support defendant.

The judgment and order should be affirmed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.