[S. F. No. 2055. Department Two.—June 20, 1902.]

## PETALUMA PAVING COMPANY, Appellant, v. JAMES SINGLEY et al., Respondents.

STREET ASSESSMENT—NEGATIVE AVERMENT—PLANS AND SPECIFICATIONS NOT REQUIRED—BURDEN OF PROOF.—In an action to enforce the lien of a street assessment it does not devolve upon the plaintiff to prove a negative allegation, that before the passage of the resolution for the construction of the work or improvements "plans and specifications and careful estimates had not been required by it to be furnished to the board of trustees by the city engineer."

ID.—SUPPORT OF FINDINGS—PRIMA FACIE CASE.—The plaintiff's *prima facie* case is sufficient without other direct evidence to support findings that such plans were not required, that special specifications had been furnished by the city engineer, and that plaintiff had performed all the work in the contract and specifications mentioned.

ID.—EXCLUSION OF EVIDENCE AS TO NON-PERFORMANCE OF WORK—FAILURE TO APPEAL UNDER STREET LAW.—The defendants having failed to appeal under section 11 of the Street Improvement Act, were precluded from attacking the assessment on the ground that the work was not done according to the contract, and it was not error to exclude evidence by them on that subject.

ID.—MOTION FOR NEW TRIAL—SPECIFICATION—DECISION AGAINST LAW—POINTS NOT RAISED.— Upon a motion for a new trial, neither the insufficiency of the findings of fact to support the conclusions of law, nor the insufficiency of the complaint to state a cause of action, nor the unconstitutionality of the street law, can be considered under a specification that the decision is against law in those respects.

ID.—JUDGMENT FORECLOSING LIEN—REVERSAL OF ORDER GRANTING NEW TRIAL.—Where the findings supporting the judgment foreclosing the lien of a street assessment were sustained by the evidence, and a motion for a new trial by the defendants is not made upon tenable grounds, an order granting it must be reversed upon appeal.

APPEAL from an order of the Superior Court of Sonoma County granting a new trial.  Albert G. Burnett, Judge.

The facts are stated in the opinion.

J. P. Rogers, Johnson & Shaw, and Guy C. Earl, for Appellant.

Lippitt & Lippitt, for Respondents.

SMITH, C.—Judgment was rendered for the plaintiff in the court below, but on motion of the defendants a new trial was granted, from which order the plaintiff appeals. The suit was brought to enforce the lien of a street assessment. The complaint is in the ordinary form, setting forth the several acts of the municipal authorities required by the law; and on the trial all its allegations were admitted except the following,—corresponding respectively to the eighth, eighteenth, and twenty-ninth findings of the court:—

"Section seven . . . : 'That before passing the resolution for the construction of the said work or improvements, plans and specifications and careful estimates of the costs and expenses thereof had not been required by it to be furnished to the said board of trustees by the city engineer of the said city, but special specifications had been furnished by him. . . .'

"Section seventeen . . . : 'That the plaintiff did and caused to be done all the work in said contract and specifications mentioned, and duly performed on its part in every respect the said work according to the specifications and the terms of the contract with its extensions of time. . . .'

"Section twenty-six . . . : 'That the plaintiff by virtue of the said act, and by reason of the warrant, assessment, certificate, and diagram, and of the various acts done as aforesaid, has and holds a lien upon the lots and parcel of land above described and alleged to have been separately assessed as aforesaid to secure the said several sums of money so separately assessed against the said lots and parcel of land and the unknown owners thereof, as above set forth, and that the sums are, by the statutes in such cases made and provided, due and payable.' "

These allegations were denied by the defendants' answer, but found to be true by the court.

The grounds of the objection to the eighth finding is that "the evidence does not show that plans, specifications, and careful estimates for the said work were not required by the board of trustees of the city engineer," or that "any special specifications were required or furnished by the city engineer for said work." On neither of these points was there any direct evidence; but with regard to the first it did not devolve upon the plaintiff to prove his negative allegation (Code Civ. Proc., sec. 1869); and with regard to both the evidence establishing the plaintiff's *prima facie* case was (assuming the facts to be material) sufficient to support the finding. The objections to the findings in the specifications are therefore untenable; nor is the contrary argued by the respondent. But his real point is, that the facts alleged and found are insufficient to support the judgment,—his argument being that, under the provision of section 3 of the act, "plans and specifications" and "estimates" prepared by some one are essential in all cases, and by the city engineer, when required by the council. But the statute does not admit of this construction.

The objection to the eighteenth finding is equally untenable. The evidence constituting the plaintiff's *prima facie* case was sufficient to sustain it. (Street Improvement Act, sec. 12; *Blanchard* v. *Ladd,* 135 Cal. 214, and cases cited.)

The objections to the twenty-ninth finding, as to the validity of the plaintiff's lien, are also untenable. This, though contained among the findings, is merely a conclusion of law from the other facts found. Accordingly, the specifications are, that it is against law, on the several grounds, that the findings do not sustain it, that the complaint does not state a cause of action, and that the act is in contravention of the Federal and of the state constitutions. There is nothing here in the nature of a specification of insufficiency of the evidence; nor are the objections reviewable on a motion for a new trial, on the ground of the decisions being against law. (*Martin* v. *Matfield,* 49 Cal. 42; *Bode* v. *Lee,* 102 Cal. 586; *Evans* v. *Paige,* 102 Cal. 132; *Pierce* v. *Willis,* 103 Cal. 93; *Hall* v. *Susskind,* 120 Cal. 559.) We are not to be understood, however, as holding that, otherwise, the objections are such as would require serious consideration.

The only point remaining to be considered is the alleged error of the court in refusing to admit testimony that the work was not done according to the contract.   But on this point the defendants were precluded from attacking the assessment, by their failure to appeal, under section 11 of the act. (Finlayson's Street Law, pp. 116-117; *Fanning* v. *Leviston,* 93 Cal. 188; *Warren* v. *Riddell,* 106 Cal. 352; *Perine* v. *Forbush,* 97 Cal. 162.)

We advise that the order appealed from be reversed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed.

McFarland, J., Henshaw, J., Temple, J.

Hearing in Bank denied.