[Sac. No. 1428. In Bank.—September 19, 1907.]

## DAVID P. DOAK, Respondent, v. WILLARD C. BRUSON, Appellant; ELECTRIC IRON AND STEEL COM-PANY, Intervener and Respondent.

APPEAL—ORDER BASED ON CONFLICTING AFFIDAVITS.—In the considera-
tion of an appeal from an order made upon affidavits, involving the
decision of a question of fact, this court is bound by the same rule
that controls it where oral testimony is presented for review. If
there is any conflict in the affidavits, those in favor of the prevail-
ing party must be taken as true, and the facts stated therein must
be considered as established. And as error is not presumed, and all
intendments are in favor of the action of the lower court, the
affidavits in behalf of the successful party are to be deemed to
establish not only the facts directly stated therein, but also all facts
which may reasonably be inferred or presumed from the direct and
positive statements.

TENDER—WRITTEN OFFER OF PERFORMANCE—REQUIREMENTS OF VALID
TENDER.—Neither section 2074 of the Code of Civil Procedure,
declaring that "An offer in writing to pay a particular sum of
money, or to deliver a written instrument or specific personal prop-
erty, is, if not accepted, equivalent to the actual production and
tender of the money, instrument, or property," nor section 1496 of
the Civil Code, making a similar provision with regard to offers of
performance in general, absolves a party from the observance of any
other requirement of the law necessary to a valid tender. The only
effect of these sections, where an offer to pay money is made and
not accepted, is to excuse the actual production and tender of the
money.

ID.—TENDER MUST BE IN GOOD FAITH WITH ABILITY TO PERFORM.—It
is essential to a valid tender, under section 1493 of the Civil Code,

that it be made in good faith, and to an offer of performance, under section 1495 of that code, that the person making it is able and willing to perform according to the offer. These requirements are not dispensed with by the provisions of section 2074 of the Code of Civil Procedure or of section 1496 of the Civil Code.

Id,—Performance of Concurrent Condition.—The rule stated in section 1498 of the Civil Code, that one making a tender may make it depend upon the due performance of a concurrent condition, cannot render effective a tender made in bad faith and without the ability to perform, notwithstanding the other party charged with the performance of the concurrent condition was at the time also unprepared to perform.

APPEAL from an order of the Superior Court of Shasta County adjudging that a redemption of lands had not been made. C. M. Head, Judge.

The facts are stated in the opinion of the court.

Aylett R. Cotton, and W. H. H. Hart, for Appellant.

S. C. Denson, for Respondent.

SHAW, J.—On January 21, 1905, the plaintiff obtained a decree that all the equitable rights of the defendant and of the intervener, under a certain contract, in certain lands, were thereby foreclosed and declared null and void, but further providing that the defendant, or the intervener, might at any time within one hundred and twenty days thereafter pay to the plaintiff or his attorney the sum of $11,711.64, with interest at eight per centum per annum from January 21, 1902, to the date of such payment, and that if payment was so made within the time so specified, the said plaintiff should execute to the party making the payment a deed conveying to him, or it, as the case might be, all the right, title, and interest of the plaintiff in the lands, and that if they failed to make such payment within said time, they be enjoined from asserting any right, title, or interest in the land, and the plaintiff was in that event adjudged to be the owner thereof, free from all and any claims of Bruson or the intervener.

The decree also provided as follows: "At any time after the 21st day of May, 1905, upon ten days' previous notice given to the attorneys of the adverse parties, any party to this action may, on motion, have an order and judgment entered in this

court, adjudging whether or not payment in redemption has been made in accordance with this decree, and such order or judgment shall be binding and conclusive upon all the parties.''

In pursuance of this provision the plaintiff, upon due notice, moved for an order adjudging that payment of the $11,711.64 had not been made within the time allowed. The motion was heard on June 10, 1905, and after hearing the affidavits offered the court made an order in favor of the plaintiff. From this order the defendant, Bruson, appeals.

In the consideration of an appeal from an order made upon affidavits, involving the decision of a question of fact, this court is bound by the same rule that controls it where oral testimony is presented for review. If there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein must be considered as' established. (*Ludwig* v. *Harry,* 126 Cal. 378, [58 Pac. 858]; *Daniels* v. *Church,* 96 Cal. 13, [30 Pac. 798]; *Hastings* v. *Keller,* 69 Cal. 606, [11 Pac. 218]; *Creditors* v. *Welch,* 55 Cal. 469; *Hyde* v. *Boyle,* 105 Cal. 107, [38 Pac. 643]; *Barrett* v. *Graham,* 19 Cal. 635; *In re Fisher,* 75 Cal. 524, [17 Pac. 640]; *Fanning* v. *Leviston,* 93 Cal. 188, [28 Pac. 943]; *Savings Bank* v. *Schell,* 142 Cal. 507, [76 Pac. 250].) And as error is not presumed, and all intendments are in favor of the action of the lower court, it follows that the affidavits in behalf of the successful party are to be deemed to establish not only the facts directly stated therein, but also all facts which may reasonably be inferred or presumed from the direct and positive statements.

The claim of Bruson that the payment had been made within the time allowed is based entirely upon a written offer to pay the money, made on his behalf to S. C. Denson, the attorney for the plaintiff, at his office in San Francisco, after four o'clock, in the afternoon of May 22, 1905, which was the last day on which payment could be made. It is contended that the effect of such an offer is in all respects equivalent to an actual payment of the money.

Section 2074 of the Code of Civil Procedure declares that ''An offer in writing to pay a particular sum of money, or to deliver a written instrument or specific personal property, is, if not accepted, equivalent to the actual production and tender

of the money, instrument, or property.'' Section 1496 of the Civil Code makes a similar provision with regard to offers of performance in general. The only effect of these sections, where an offer to pay money is made and not accepted, is to excuse the actual production and tender of the money. They do not absolve the party from the observance of any other requirement of the law necessary to a valid tender. In *Hyams* v. *Bamberger*, 10 Utah, 3, [36 Pac. 203], the court, speaking of a similar statute, says: ''Ordinarily where a party makes a tender, independent of statute, he must actually produce the money to the creditor. It must be in sight, capable of immediate delivery. . . . Where a person makes a tender in writing, the statute excuses him from actually producing the money at the time of making the tender, but it excuses no other act or requirement on his part which would be necessary in order to make a valid tender, independent of statute. To hold otherwise would be to turn the statute, which was intended as a mere convenience, into an instrument of fraud.'' The cases of *Ladd* v. *Mason*, 10 Or. 314; *Holliday* v. *Holliday*, 13 Or. 523, [11 Pac. 266, 12 Pac. 821] ; and *McCourt* v. *Johns*, 33 Or. 561, [53 Pac. 602], are to the same effect, and construe a statute identical in language with ours.

The facts concerning the written offer in controversy were as follows: Mr. Denson, the attorney for the plaintiff, Doak, had, on several occasions, after the entry of the judgment and before the offer was made, informed Bruson and his attorney that Doak would grant no further extension of time, and that the money would have to be paid within the time fixed by the judgment. A few days prior to May 20, 1905, Denson told Bruson that Doak was then in San Francisco, and was ready to make the deed if the money was paid, but was going to Mexico in a few days to be gone several weeks, and urged upon Bruson the necessity of getting the money to make the payment before the time was up and while Doak was here to sign the deed. On May 20, 1905, two days before the offer, Denson told Bruson that Doak had left the city and had not left with him (Denson) any deed to be delivered if payment should be made. On May 22, 1905, at the hour stated, two men, unknown to Denson, appeared in his office, and one of them, who said his name was Albert Batz, served upon Denson the written offer in question. It was signed by Bruson and

purported to offer to pay "Denson, as attorney for said David P. Doak, and for said Doak," the sum required, stating it, and to demand of Doak, through Denson, a deed as provided in the decree, and declared that the tender was dependent on the delivery of a duly executed deed. Denson thereupon inquired, "Where is the money?"—to which Batz answered, "They did not give me any and I did not bring any." Denson then asked, "Have you no money or any check with which to make this tender?" Batz said he had not. Denson then told him he was ready and willing to receive the money, and would see that Bruson got a deed if the money was paid within the time. Batz said he was furnished with no money and was not authorized to pay any. Nothing further occurred at the time, and no other offer was ever made. At the hearing Denson filed a counter affidavit stating that he had prepared the form of a deed, but that, as it was not known whether Bruson or the intervener would pay the money, it was not signed, and that he was informed and believed that Bruson had tried to get the money to make the payment, but had not succeeded and had not the money and was unable to pay. The notice of motion was served on May 31, 1905. In opposition to the motion, the affidavits of Bruson, James Camp, and Aylett R. Cotton, attorney for the intervener, were read. It was not stated or claimed in either of these affidavits that Bruson, at the time of the tender, or at any time afterward, had the money wherewith to pay the sum required, or was or had been able, ready, or willing to make such payment. No money was produced or offered at the hearing. The affidavits for the defendant appear to have been intended to show that the deed was not ready for delivery at the time of the offer. The defendant did not profess to be then able, ready, or willing to pay, but claimed that by reason of the failure of Doak to have the deed ready he was entitled to further time in which to make the payment.

One of the essential requirements of a tender is that it must be made in good faith. (Civ. Code, sec. 1493; *Horan v. Harrington,* 130 Cal. 142, [62 Pac. 400]; *Potts v. Plaisted,* 30 Mich. 149; *McPherson v. Wiswell,* 16 Neb. 625, [21 N. W. 391].) It is also provided by the code that "An offer of performance is of no effect if the person making it is not able and willing to perform according to the offer." (Civ. Code,

sec. 1495.) The provisions of sections 2074 of the Code of Civil Procedure, and 1496 of the Civil Code do not dispense with these requirements. In *Ladd* v. *Mason,* 10 Or. 314, the court says: "Surely the justice and good sense of the legislature should not be impugned by such a construction of this provision as would place its framers in the position of having intended to provide a mode whereby a party might make a valid tender if his offer should not be accepted, without the readiness or ability to make it good, in the event of its acceptance." And in *Holliday* v. *Holliday,* 13 Or. 523, [11 Pac. 260], it is said that this statute dispenses with the necessity of actually producing the money with the offer, "but this does not dispense with the necessity of the party having the money in fact." (See, also, *Kuhns* v. *Chicago etc. Co.,* 65 Iowa, 528, [22 N. W. 661]; *Shugart* v. *Pattee,* 37 Iowa, 422; *Ladd* v. *Mason,* 10 Or. 314; *Holliday* v. *Holliday,* 13 Or. 523, [11 Pac. 260]; *McCourt* v. *Johns,* 33 Or. 561, [53 Pac. 601].)

We are of the opinion that the court may well have concluded from the facts shown that at the time the offer was made the defendant Bruson did not have the money he offered and was not able or willing to perform, and that the offer was made with knowledge, or in the belief, that Doak had left the city without providing a deed for delivery, and for the purpose of taking advantage of his absence to make an offer on paper to his attorney, Denson, without the ability to make it real. The fact that the offer was in terms directed to Denson, as attorney for Doak, after information that he had no deed and that Doak was absent, the fact that the agent who made the paper offer was provided with neither money, check, nor authority to pay, the fact that no offer was made at the hearing, nor any showing made of ability to pay then, or at any other time, in the face of the objection, suggested by the affidavit served with the notice and stated on information and belief, that the money did not accompany the offer and that the offer itself was a sham, all tend strongly to this conclusion. The court was therefore justified in making the order complained of.

The rule stated in section 1498 of the Civil Code, that one making a tender may make it depend upon the due performance of a concurrent condition, does not affect the case, for nevertheless the party must act in good faith and be able and

willing to perform, else, under sections 1493 and 1495 and the authorities above cited, his written offer will be of no avail. Nor does the fact that the other party was also unprepared to perform furnish any justification for his own inability, nor change what would otherwise be an ineffectual and shadowy form into a substantial, *bona fide,* and effective tender.

The order is affirmed.

Sloss, J., Angellotti, J., Henshaw, J., McFarland, J., and Lorigan, J., concurred.