[Civ. No. 4614. First Appellate / District, Division Two.—March 18, 1924.]

A. KUHN et al., Appellants, v. JOHN DICKEY, Respondent.

[1] SALES—FALSE REPRESENTATIONS—PLEADING—ISSUES—EVIDENCE—APPEAL.—In an action to recover damages for false representations alleged to have been made in the sale of a restaurant, where no objection is raised in the trial court as to the sufficiency of defendant's answer to put in issue all the allegations of the complaint, and no objection is made to the statement of the attorney for defendant, made at the commencement of the trial, that

---

1. See 24 R. C. L. 343.

"we have set up an answer denying each and every allegation of the complaint," and immediately thereafter the attorney for the plaintiffs proceeds to call witnesses and propounds questions to those witnesses showing that he is attempting to prove every allegation contained in the complaint, the plaintiffs will not be heard on appeal to contend that many of the allegations contained in the complaint were not denied in the answer of defendant.

[2] Id.—Amount of Business Transacted — Evidence — Finding.— In such action, the finding of the trial court against the plaintiffs on their allegation as to misrepresentations by defendant with reference to the amount of business transacted by the latter was abundantly sustained by evidence introduced by defendant.

[3] Id.—Number of Customers Served—Evidence.—In such action, the allegation in plaintiffs' complaint that defendant falsely represented that during the regular sessions or terms of the University of California "the business at said restaurant was so great that the customers thereat so filled the place as to necessitate their standing in line on the outside waiting to be served," was not proven by evidence showing that such an incident did not occur during the time plaintiffs were in possession, no evidence being introduced as to whether or not such an incident ever occurred while defendant was managing the business.

[4] Id.—Reliance upon True Representations.—In such action, the trial court having found, upon sufficient evidence, that the representations made by defendant were true, the question whether the plaintiffs acted upon defendant's representations, or upon their own independent investigation, became immaterial.

(1) 3 C. J., p. 729, sec. 623.   (2) 27 C. J., p. 69, sec. 203.   (3) 27 C. J., p. 69, sec. 203.   (4) 27 C. J., p. 1099, sec. 29.

APPEAL from a judgment of the Superior Court of Alameda County. James G. Quinn, Judge. Affirmed.

The facts are stated in the opinion of the court.

John C. Scott for Appellants.

Ramsey Probasco and Clarence De Lancey for Respondent.

STURTEVANT, J.—The plaintiffs commenced an action against the defendant to recover a judgment for damages alleged to have occurred by reason of false representations alleged to have been made by the defendant in the sale of a restaurant. The defendant interposed an answer and

cross-complaint and asked a judgment for the balance due on two promissory notes evidencing the unpaid balance on the purchase. The trial court awarded the cross-complainant a judgment as prayed for and the plaintiffs have appealed.

[1] The first point made by the appellants is a contention to the effect that many of the allegations contained in the plaintiffs' complaint were not denied in the answer of the defendant. The contention is advanced at a date that is far too late. When the defendant's answer was interposed no objection of any kind or nature was made to its form. When the case was called for trial the attorney for the plaintiffs commenced the trial of the case by reading to the trial court the plaintiffs' complaint. Thereupon the attorney for the defendant stated to the trial court, "We have set up an answer denying each and every allegation of the complaint. . . . " To that statement no objection was made. Immediately thereafter the attorney for the plaintiffs proceeded to call witnesses and propounded questions to those witnesses showing that he was attempting to prove every allegation contained in the complaint. Neither during the presentation of the case for the plaintiffs, nor the presentation of the case for the defendant, do we find a single objection to the effect that any certain issue was not made by the pleadings. In short, between the two covers of the transcript we find no place where such a point was addressed to the trial court.

The second point made by the appellants consists of attacks by them called first proposition, second proposition, third proposition, and fourth proposition, and all of which are attacks on the findings. [2] The trial court found, "That it is not true that at said time the defendant with the intent to deceive, cheat or defraud these plaintiffs did falsely represent to them that the business was a good paying business, or that he falsely represented that he had thereat daily sales of from $130 to $180 during all of the time of the regular sessions of the University of California. . . . " The finding is abundantly sustained by evidence introduced by the defendant. That evidence was to the effect that the defendant represented to the plaintiffs that at times during the regular sessions the receipts were from $130 to $180. The defendant followed that testimony by introducing his

books to prove the truth of the representation. He testified that he had not represented that such were his daily receipts during all of the regular sessions. **[3]** The trial court found that the defendant did not falsely represent "that during the regular sessions or terms of said University of California the business of said restaurant was so great that the customers thereat so filled the place as to necessitate their standing in line on the outside waiting to be served. . . . " As to whether such an incident ever occurred while the *defendant* was managing the business the plaintiffs tendered no testimony whatever. The testimony tendered by the plaintiffs was to the effect that such an incident did not occur during the time that *they* were in possession. Such testimony was not pertinent to the issue on trial.

The third proposition assumes that the trial court found that the defendant represented "that it was a good paying business," "that during the regular sessions of the University the daily receipts from the business were from $130 to $180," and "that during the summer sessions the daily receipts were from $80 to $100"; whereas the finding of the trial court was that such representations were not false and, as stated above, the defendant introduced an abundance of evidence to the effect that the representations made by the defendant were not false. **[4]** The fourth proposition is that the trial court found "That it is not true that plaintiffs did rely upon any representations made by the defendant or that plaintiffs believed that such representations were true." That finding is also attacked. The defendant introduced evidence to the effect that the plaintiffs, before purchasing, at meal times attended at the restaurant on several different days and on some days twice a day, and remained at the restaurant for considerable periods of time on each occasion; that on two occasions they went through the restaurant making a minute examination of the equipment, and that for some days prior to the purchase they were in the immediate neighborhood making inquiries about and investigating that particular property and similar properties. Moreover, when we consider that the trial court found that the representations made by the defendant were not false, then we must assume that the representations were true, and it becomes immaterial, therefore, whether the plaintiffs acted

upon the truthful representations made by the vendor or otherwise.

We find no error in the record.   The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 15, 1924, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 15, 1924.

All the Justices concurred.