[Civ. No. 7248. First Appellate District, Division One.—June 9, 1930.]

JOHN DICKEY, Respondent, v. A. KUHN et al.,
Appellants.

Clark, Nichols & Eltse for Appellants.

Clarence De Lancey and Ramsey Probasco for Respondent.

WARD, J., *pro tem.*—John Dickey contracted to sell to A. Kuhn a restaurant for the agreed purchase price of $5,000. Dickey received $500 in cash and three promissory notes, executed and delivered by Kuhn and his wife to Dickey, the first for $500, the second for $500 and the third for $3,500. The last note was dated July 31, 1922, and payable January. 31, 1923. Kuhn took possession of the res-

taurant and paid the first $500 note. Prior to the due date of the second note Kuhn and his wife commenced a suit to cancel the notes, etc., upon the grounds of fraud and misrepresentation and failure of consideration. The defendant Dickey in that action filed a cross-complaint and pleaded the second promissory note of $500, which had become due. Judgment in the first action was given in favor of Dickey and the Kuhns appealed. The judgment was affirmed (*Kuhn* v. *Dickey*, 66 Cal. App. 227 [225 Pac. 867]). This action subsequently was brought to cover the amount of the last note for $3,500 and to recover certain moneys alleged to have been advanced by the plaintiff Dickey at the instance of the defendants. The case was tried by a jury which rendered a verdict in favor of the defendants. Upon appeal the action of the jury was reversed (*Dickey* v. *Kuhn*, 85 Cal. App. 8 [259 Pac. 93]). Defendants in an amended answer and supplemental answer set forth that plaintiff Dickey had not been able to transfer or assign said lease or any interest therein and that he had not complied with his agreement to execute a bill of sale.

The present case was tried by the court and the court found that by reason of the abandonment by the defendants the plaintiff was at no time or at all in default; that the only equipment which was not owned outright and to which plaintiff did not have a complete title was a cash register; that the only part of the equipment that was replevined or recovered by vendors thereof was the cash register; that Dickey had been ready, able and willing to transfer, deliver, assign and sell said fixtures and equipment to defendants free and clear of indebtedness and with a perfectly clear title; that the condition upon which plaintiff was to deliver a perfectly clear title was when defendants made payment upon the promissory note, which payment had never been made; "that all matters in relation to the abandonment of said contract, to the formal tender of title and to the formal assignment of the lease from plaintiff to defendants, has been fully adjudicated in the case of *Kuhn* v. *Dickey*, 66 Cal. App. 227 [225 Pac. 867]." Whereupon the court rendered judgment for the sum of $3,735, covering the principal of the note and for money advanced. Interest was awarded in the sum of $1473.96 and the further sum of $1200 attorney's fees.

██ Between these parties the decision in the first case eliminated all issues of fraud and any right of the Kuhns to the cancellation of the notes (*Kuhn* v. *Dickey*, 66 Cal. App. 227 [225 Pac. 867]). ██ In the second appeal on motion for a hearing before the Supreme Court it was held "having, however, abandoned the premises prior to the due date of said note and having never offered to pay the same upon the above conditions, he was no longer entitled to defend against its payment upon that ground." This holding by the Supreme Court was simply stating in effect that the abandonment by appellants was a notice to respondent that appellants would not perform upon their part and therefore that respondent was entitled to enforce the obligation and was excused from offering to perform or actually performing any of the conditions upon the respondent's part in favor of the appellants. Appellants' abandonment of the premises was a repudiation of the contract. It was therefore unnecessary that respondent should go through the form of making a tender which would have been an idle and fruitless act. ██ Section 1440 of the Civil Code provides as follows: "If a party to an obligation gives notice to another, before the latter is in default, that he will not perform the same upon his part, and does not retract such notice before the time at which performance upon his part is due, such other party is entitled to enforce the obligation without previously performing or offering to perform any conditions upon his part in favor of the former party." But while this section eliminates the necessity of performance or the offer of performance, it does not dispense with the ability to perform on the part of the party who seeks to enforce the obligation. If the language of the Supreme Court in *Dickey* v. *Kuhn, supra,* may be construed as absolving respondent from proof of ability to perform, that language has reference only to the period up to or upon the due date of the note. In the last appeal the Supreme Court did not pass upon the question whether or not when one abandons—may the other party successfully maintain an action for the collection of a promissory note, a part of the contract transaction, when it appears upon the trial that the party excused from tender is not and was not able to perform. The question of continuous ability to perform was not touched upon. The fact that respondent was seeking

to obtain $3,500 when he, the respondent, could not deliver the instruments in exchange for the cash, was not stressed in the last appeal.

Section 1495 of the Civil Code provides: "An offer of performance is of no effect if the person making it is not able and willing to perform according to the offer." "By this provision the party making the offer must not only be willing but able to perform according to the terms of his offer" (*McCarthy* v. *Grider*, 72 Cal. App. 402 [237 Pac. 751, 755]). "A tender though sufficient to enable a party to maintain an action upon a dependent covenant, condition or agreement is not equivalent in every respect to performance. It does not satisfy or distinguish the obligation, and even when suit is brought upon the dependent covenant the plaintiff must show continuous readiness to perform after the tender" (*Redington* v. *Chase*, 34 Cal. 670). And so we reason that the elimination of the necessity of an offer of performance does not dispense with the proof of ability to perform when that is made an issue in the case. In *Holliday* v. *Holliday*, 13 Or. 523 [11 Pac. 260, 12 Pac. 821], it was held "this statute dispenses with the necessity of actually producing the money with the offer but this does not dispense with the necessity of the party having the money in fact." In *Ladd* v. *Mason*, 10 Or. 314, it was said "surely the justice and good sense of the legislature should not be impugned by such a construction of this provision as would place its framers in the position of having intended to provide a mode whereby a party might make a valid tender of his offer but not be accepted, without the readiness or ability to make it good in the event of its acceptance." "It is true that by section 2074 of the Code of Civil Procedure and section 1496 of the Civil Code where an offer to perform is made in writing but is not accepted, the actual production of the money is not necessary. But these sections do not dispense with the requirements of sections 1493 and 1495" (*McCarthy* v. *Grider, supra*). "An offer of performance must be made in good faith, and in such manner as is most likely, under the circumstances, to benefit the creditor" (sec. 1493, Civ. Code). "An offer of performance is of no effect if the person making it is not able and willing to perform according to the offer" (sec. 1495, Civ. Code). "To what has been said above it may be added that the

fact that the party to whom the offer is made is also unprepared to perform does not furnish any justification for the inability of the offerer to perform . . . '' (*McCarthy* v. *Grider, supra*). ''The rule stated in section 1498, Civil Code, that one making a tender may make it depend upon the due performance of a concurrent condition does not affect the case, for, nevertheless, the party must act in good faith and be able and willing to perform, else under sections 1495 and 1493 and the authorities above cited, his written offer will be of no avail. Nor does the fact that the other party was also unprepared to perform furnish any justification for his own inability, nor change what would otherwise be an ineffectual and shadowy form into a substantial, *bona fide,* and effective tender'' (*Doak* v. *Bruson,* 152 Cal. 22 [91 Pac. 1001, 1003]. See, also, *Allen* v. *Chatfield,* 172 Cal. 68 [156 Pac. 47] ; *Kuhns* v. *Chicago etc. Co.,* 65 Iowa, 528 [22 N. W. 661]).

That counsel for respondent viewed the question of the readiness, willingness and ability to perform as a vital question in this case is shown by the fact that such a finding was presented and adopted by the court. The court found ''that at all times prior to the first day of February, 1923, and for some time thereafter the said John Dickey had been ready, able and willing to transfer, deliver and assign and sell said fixtures and equipments to defendants Kuhn, free and clear of indebtedness and with a perfectly clear title.'' (See finding XI, Trans., p. 78.) If this finding was based upon the claim that the same subject matter had been adjudicated in *Kuhn* v. *Dickey, supra,* the finding was erroneous. The first trial had been held and submitted prior to the date of abandonment and at the time of the submission of the case both Dickey and Kuhn had approximately three months in which to perform or to offer to perform the contract. The first case did not involve respondent's obligation on final payment. The Supreme Court in *Dickey* v. *Kuhn, supra,* held that they could not give their ''approval to the appellate tribunal wherein it seems to have been held that the judgment in the former action was *res adjudicata.* . . . '' There is no evidence in the record to support the finding that the appellants were ready, able or willing to perform. This issue was raised by appellant's amendment to answer and supplemental answer as a

negative averment which made it incumbent upon the respondent to prove that he had ability to perform. Negative averments which are necessary to a pleading and which are not part of the pleader's case must be established by the opposite party. (*Melone* v. *Ruffino,* 129 Cal. 514, at p. 519 [79 Am. St. Rep. 127, 62 .Pac. 93] ; *Dirks* v. *California Safe Dep. Co.,* 136 Cal. 84, 87 [68 Pac. 487] ; *Holmes* v. *Warren,* 145 Cal. 457, 460 [78 Pac. 954] ; *Petaluma Pav. Co.* v. *Singley,* 136 Cal. 616, 618 [69 Pac. 426] ; 22 Cor. Jur. 71.) Respondent offered no evidence on this issue that appears in the record, but evidence offered by appellants indicate, to say the least, that there is considerable doubt that respondent had title to all of the fixtures on the real property that he agreed to sell or that he owned a certain bake oven or cash register (which had been replevined), or that he could obtain an assignment of the lease from the owner of the property. These matters may be all explained to the satisfaction of the court in another trial, but as the record now stands, respondent would have been unable to pass a "perfectly clear title."

This is a case in which appellants repudiated the contract by abandonment and the respondent, unable to perform, failed and neglected to put himself in a position of ability to perform within a reasonable time or at all. We must conclude that the respondent repudiated the contract by his inability and unwillingness to perform. Appellants would not and respondent could not proceed further with the contract. Under such circumstances we cannot approve a judgment that respondent should have the full value of the fixtures and lease when he was unable under the sale contract to give "clear of indebtedness and with a perfectly clear title" the property specified in the contract. The contract provided "sale of above-named fixtures and lease to be clear of indebtedness and perfectly clear title." One who agrees to sell may not be allowed the agreed price when he does not have title to the property at the date of sale. If one party repudiated and the other party brings suit to recover the purchase price and the issue of title is raised the vendor must show title or that it was impossible to obtain title as the result of the repudiation.

It is not necessary to discuss other contentions raised by appellants except to say that the evidence presented on the

second cause of action hardly justifies a judgment against Mrs. Kuhn for money advanced for rental of the premises. The contract of sale was between A. Kuhn and John Dickey. True, the notes were signed by Lillian Kuhn, but the evidence only connects A. Kuhn with the agreement to reimburse Dickey for advanced rentals, an agreement separate and apart from the matters set forth in the first cause of action.

Judgment reversed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 9, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 7, 1930.