[Civ. No. 8028. First Appellate District, Division One.—July 23, 1932.]

JOHN DICKEY, Appellant, v. A. KUHN et al., Respondents.

Ramsey Probasco and Clarence DeLancey for Appellant.

Clark, Nichols & Eltse for Respondents.

THE COURT.—The litigation between the above parties, of which this action is a part, arose out of an agreement relating to the sale of a restaurant in Berkeley on or about July 24, 1922. The plaintiff executed to the defendant

A. Kuhn (who will be hereinafter referred to as the defendant) the following instrument:

"Sold this day to A. Kuhn the following described property: the certain lease, fixtures and equipment and stock on hand on the date of consummation of sale, located at 2242 Telegraph avenue, Berkeley, California, for $5,000. Terms, $1,500 cash; balance in six months without interest; sale of the above fixtures and lease to be clear of indebtedness and perfectly clear title. Possession to be given July 29, 1922. Six days allowed to take up this option or forfeit the payment of one hundred dollars.

"(Signed) JOHN DICKEY."

The defendant accepted the offer contained therein and paid on account the said sum of $100.

On or about July 31, 1922, their agreement was modified as to the terms of sale, pursuant to which defendant, being credited with the sum of $100, paid the sum of $400 in cash, and he and Lilian Kuhn, his wife, who is joined as a defendant in the present action, executed three promissory notes for the balance of the purchase price, one for $500, payable August 10, 1922, the second for the same amount, payable August 20, 1922, and the third for $3,500, payable six months after July 31, 1922. Defendant thereupon took possession of the restaurant and paid the first note when it became due. Before the maturity of the second note defendant brought an action to cancel the remaining notes upon the grounds of fraud and failure of consideration. Plaintiff denied the allegations of the complaint, and cross-complained upon the second note, which was then due. A judgment was entered in favor of the latter, which was affirmed on appeal (*Kuhn* v. *Dickey,* 66 Cal. App. 227 [225 Pac. 867]).

Subsequently Dickey brought suit upon the $3,500 note, and defendant Kuhn as a defense alleged the same facts constituting fraud and failure of consideration which were contained in his complaint in the action first mentioned. It was alleged therein as a further ground for the claimed failure of consideration that Dickey failed to procure the written consent of the landlord to the transfer of the lease of the restaurant. Evidence supporting these defensive allegations was admitted over objection, and a jury returned a verdict for defendant Kuhn. Judgment was

entered accordingly, but upon appeal, was reversed (*Dickey* v. *Kuhn*, 85 Cal. App. 8 [259 Pac. 93, 95]), the appellate court holding that upon the allegations of fraud and failure of consideration the judgment in the first action was *res judicata*. On the same appeal the Supreme Court, in denying a petition for a hearing in that court, held that the former judgment was not *res judicata* as to whether defendant Kuhn "would have had the right to show that upon the due date of the note sued upon herein he had offered or was prepared to pay the same but that plaintiff was unable to procure the transfer of the lease, and that for that reason the consideration of the note had failed". The Supreme Court further said: "Having, however, abandoned the premises prior to the due date of said note, and having never offered to pay the same upon the above conditions, he was no longer entitled to defend against its payment upon that ground."

The action was again tried, this time by the court, which found that by reason of the abandonment of the restaurant by defendant Kuhn before the due date of the note Dickey was at no time in default; that the only part of the equipment to which Dickey did not have complete title was a certain cash register, but that he was at all times ready, willing and able to transfer the fixtures and equipment upon payment of the note, which payment had not been made, and "that all matters in relation to the abandonment of said contract, to the formal tender of title and to the formal assignment of the lease from plaintiff to defendant, have been fully adjudicated in the case of *Kuhn* v. *Dickey*, 66 Cal. App. 227 [225 Pac. 867]". A judgment was accordingly entered for the amount of the note with interest and attorney's fees.

From this judgment Kuhn appealed. On this appeal it was held that the judgment in *Kuhn* v. *Dickey*, 66 Cal. App. 227 [225 Pac. 867], did not involve Dickey's obligation upon the final payment under the contract, which was represented by the $3,500 note, and was not *res judicata* on the question of his readiness, willingness and ability to perform; further, that while under section 1440 of the Civil Code a seller was not required to perform or offer to perform after the purchaser had refused performance, the section did not dispense with the ability of the seller to perform

when he sought to enforce the obligation, and that a finding to the effect that Dickey had been ready, able and willing to perform was not sustained by the evidence. The judgment was accordingly reversed, and a petition to have the case heard by the Supreme Court was denied (*Dickey* v. *Kuhn*, 106 Cal. App. 300 [289 Pac. 242]).

The present appeal was taken from a judgment entered upon a verdict in favor of defendant Kuhn. Plaintiff claims that the implied finding that he was not ready, able and willing to perform is unsupported; that the admission of certain evidence was erroneous, as were several instructions to the jury; further, that defendant was not entitled to a jury trial.

As to the first ground for the appeal, we have examined the testimony and are of the opinion that it was amply sufficient to sustain the finding. The evidence was conflicting in many respects, and the credibility of the witnesses who testified in this regard was a question for the jury, who were not bound to find in accordance with the testimony of even uncontradicted witnesses, as the most positive testimony may contain inherent improbabilities as to its accuracy, or the manner of the witness in testifying may leave the jury doubtful of his truthfulness (*Davis* v. *Judson*, 159 Cal. 121 [113 Pac. 147]; 27 Cal. Jur., Witnesses, sec. 156, p. 184).

As to the second ground, the evidence complained of was relevant upon the above issue, and its admission was not error.

The instructions to which plaintiff excepts were fair and accurate statements of the law as applied to the evidence and admitted facts of the case. Furthermore, the jury was fully advised by other instructions in these respects, and we find no ground for the complaint that the same were erroneous or prejudicial.

The last contention, namely, that the defendant was not entitled to have the cause tried by a jury, is based upon the following facts: The first trial was by a jury. At the second trial a jury was waived, and the last trial was had before a jury over the objection of the plaintiff, who claimed that by the previous waiver the right to a jury in any subsequent trial was also waived.

72

The decisions on the question in other jurisdictions are conflicting (35 Cor. Jur., Juries, sec. 141, p. 223), and no California case has been called to our attention; but whatever the right of a party under such circumstances, it is the rule that notwithstanding a jury has been waived in the statutory manner, it is within the discretion of the trial court to disregard the waiver and try the case by a jury (2 Bancroft's Code Practice and Remedies, sec. 1120, p. 1580, and cases there cited; 35 Cor. Jur., Juries, sec. 139, p. 222; *Doll* v. *Anderson*, 27 Cal. 248; *Bullock* v. *Consumers' Lumber Co.*, 3 Cal. Unrep. 609 [31 Pac. 369]; *Harmon* v. *Hopkins*, 116 Cal. App. 184 [2 Pac. (2d) 540]). The court did not abuse its discretion in so doing; and after an examination of the entire record we are convinced that the verdict was fully sustained, and that no error has been shown which can reasonably be said to have resulted in a miscarriage of justice.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 22, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 19, 1932.