COUGHLIN, J.
 

 The plaintiffs, appellants herein, as lessors under a written lease, brought this action against the defendant, respondent herein, as lessee, to collect rental allegedly due thereunder, and also for damages.
 

 The subject lease was for a two-year term commencing January 1, 1956; covered certain farm property; provided for semiannual rental payments, i.e., on January 1st and July 1st of each year; and contained the following provisions, which are basic to the principal issue for determination on this appeal, to wit:
 

 “It is agreed and understood that there are two wells located on the property leased herein both of which are equipped with Layne and Boiler pumps. . . . Lessee warrants that he has inspected and tested the pumps and motors and other equipment connected with said wells and that he has received the same in good order and repair. . . . Lessee understands that lessor has made no guarantee as to amount of water available, the condition or output of the wells or the condition of the pumps, motors or pumping equipment and that lessee has advised himself independently of all facts relating to these wells and pumping equipment and that lessee accepts the same ‘as is.’ Lessee assumes the responsibility for the current maintenance and upkeep of the said pumping equipment and motors and all things connected with said wells such as the changing of the lubrication, the oiling of the bearing and other matters connected with maintenance. Lessor assumes liability for all breakage or ‘wear and tear’ occasioned to said wells and equipment oecassioned
 
 [sic]
 
 by normal use, assuming that the proper maintenance and operation of said pumping equipment is conducted by lessee. Any breakage or damage to the wells or pumping equipment aforementioned over and above that occasioned by normal deprecia
 
 *271
 
 tion and wear and tear shall be born [sic] and paid for by lessee. In the ease that emergency repair shall become necessary to said pumps or pumping equipment for which lessor is responsible pursuant to the terms of this lease, lessor hereby agrees to repair same at his very earliest opportunity considering the type of breakdown and the availability of parts and experts in this field to repair the breakage. ...”
 

 On December 25, 1956, the electric motor and panel of switches used in connection with the water pump, together with the timbers and floor supporting the same, were destroyed by fire, the cause of which never has been determined. Thereafter the defendant lessee paid no rental and the instant action ensued.
 

 The trial court found, in substance, that the plaintiffs, the lessors, had failed to replace or repair the pumping equipment destroyed by fire and, for this reason, entered judgment in favor of the defendant, the lessee. The trial judge filed a memorandum opinion, which may be used to discover the processes by which he reached his decision
 
 (Union Sugar Co.
 
 v.
 
 Hollister Estate Co.,
 
 3 Cal.2d 740, 750 [47 P.2d 273];
 
 Arvin-Kern Co.
 
 v.
 
 B. J. Service, Inc.,
 
 178 Cal.App.2d 783, 793 [3 Cal.Rptr. 238]), indicating clearly that his determination was based on the conclusion that the plaintiffs were not entitled to judgment because they had not established that the subject pumping equipment was “damaged by other than reasonable wear and tear ’ ’; that under the lease they were required to make repairs caused by wear and tear ; that compliance with this requirement by them was a condition precedent to their recovery of any rental; that, for this reason, the burden was upon them to establish that the fire was not caused by “reasonable wear and tear”; and that the failure to meet this burden precluded recovery under the lease.
 

 The plaintiffs appeal from the judgment entered in favor of the defendant, and contend, among other things, that any obligation they may have had to repair was not a condition precedent to their cause of action for rental and, therefore, they did not have the burden of proving that the fire was not caused by “reasonable wear and tear” and, consequently, the judgment of the court based on this theory should be reversed.
 

 Coneededly, a determinative issue on this appeal is whether performance of the plaintiffs’ agreement to repair damage resulting from wear and tear occasioned by normal use was a condition precedent to recovery of the rental prescribed by
 
 *272
 
 the lease. The applicable rule is stated in
 
 Arnold
 
 v.
 
 Krigbaum,
 
 169 Cal. 143, 145 [146 P. 423, Ann.Cas. 1916D 370], as follows:
 

 “A covenant to repair on the part of the lessor and a covenant to pay rent on the part of the lessee are usually considered as independent covenants, and unless the covenant to repair is expressly or impliedly made a condition precedent to the covenant to pay rent, the breach of the former does not justify the refusal on the part of the lessee to perform the latter.” (In accord:
 
 Ng
 
 v.
 
 Warren,
 
 79 Cal.App.2d 54, 60 [179 P.2d 41]; cf.
 
 Enos
 
 v.
 
 Foster,
 
 155 Cal.App.2d 152, 155 [317 P.2d 670].)
 

 This is the generally accepted rule. (Rest., Contracts, § 290;
 
 Frazier
 
 v.
 
 Riley,
 
 215 Ala. 517 [111 So. 10, 12];
 
 Masser
 
 v.
 
 London Operating Co.,
 
 106 Fla. 474 [145 So. 79, 83];
 
 Brady
 
 v.
 
 Brady,
 
 140 Md. 403 [117 A. 882, 884];
 
 Stone
 
 v.
 
 Sullivan,
 
 300 Mass. 450 [15 N.E.2d 476, 479], where it was said that the general rule will prevail in the absence of a clear intention that the covenants are not independent;
 
 Reaume
 
 v.
 
 Brennan, 299
 
 Mich.
 
 305 [300 N.W. 97, 98]; Banister Real Estate Co.
 
 v.
 
 Edwards
 
 (Mo.App.) 282 S.W. 138,140;
 
 Stewart
 
 v.
 
 Childs Co.,
 
 86 N.J.L. 648 [92 A. 392, 393];
 
 Huber
 
 v.
 
 Ryan,
 
 26 Misc. 428 [56 N.Y.S. 135, 136];
 
 Port Utilities Commission
 
 v.
 
 Marine Oil Co.,
 
 173 S.C. 346 [175 S.E. 818, 820];
 
 Community Theatres
 
 v.
 
 Weilbacher
 
 (Tex.Civ.App.) 57 S.W. 2d 941, 942;
 
 Income Properties Investment Corp.
 
 v.
 
 Trefethen,
 
 155 Wash. 493 [284 P. 782, 784];
 
 Richard Paul, Inc.
 
 v.
 
 Union Improvement Co.,
 
 59 F.Supp. 252, 257.)
 

 In the instant case the covenant to repair was not expressly made a condition precedent to the payment of rent. In view of this fact, the defendant contends that his agreement to pay rent impliedly is dependent upon performance by the plaintiffs of their covenant to repair; that unless water is available for irrigation the consideration for the lease fails; and cites
 
 Medico-Dental etc. Co.
 
 v.
 
 Horton & Converse,
 
 21 Cal.2d 411, 420 [132 P.2d 457], in support of his position.
 

 The trial court did not find that the plaintiffs’ covenant to repair, as a matter of fact, impliedly was made a condition precedent to the defendant’s covenant to pay rent, and the terms of the subject lease did not justify such an implication as a matter of law. It was stated therein that: “Lessee understands that lessor has made no guarantee as to amount of water available, the condition or output of the wells or the condition of the pumps, motors or pumping equipment and
 
 *273
 
 that lessee has advised himself independently of all facts relating to these wells and pumping equipment and that lessee accepts the same ‘as is.’ ” No specific provision was made for repair or replacement in the event of destruction by fire or the elements. The lessors’ covenant with respect to “breakage or ‘wear and tear’ ” of the pumping equipment occasioned by normal use states that he “assumes liability” therefor and not that he agrees to repair or replace the same. The only covenant to repair relates to “emergency repair” and concerns an agreement “to repair the breakage.” What relationship, if any, the terms “emergency repair” and “breakage” have to equipment which is destroyed by fire, does not appear. Any “breakage or damage . . . over and above that occasioned by normal depreciation and wear and tear” was to be borne and paid for by the lessee. The lease also provided that “Under no circumstances is lessor to be liable for any crop loss of lessee occasioned by any water loss whether from the wells located upon the leased premises or otherwise.” It is apparent that the lessors’ covenant in the premises was not a covenant to furnish water, or to maintain the pumping equipment in such condition that it would furnish water, but rather a covenant to pay for the cost of repairs to that equipment which were necessitated by wear and tear from normal use. Such a covenant, under the circumstances noted, did not run to the entire consideration
 
 [1]
 
 of the lease; the defendant’s contention to the contrary is without merit; and no justification exists for implying that his agreement to pay rent was dependent upon repair or replacement of damaged equipment. Our decision on this phase of the case is confined to a determination that performance of the subject covenant was not a condition precedent to recovery of the agreed rental.
 

 Furthermore, the trial court, in any event, misapplied the rules on burden of proof to the situation presented by this case. At the most, the plaintiffs agreed to repair pumping equipment damaged by wear and tear from normal use. They did not agree to repair damage resulting from fire regardless of the cause of such fire. The defendant agreed to bear the cost of all damage occasioned by causes other than wear and tear. It is common knowledge that under circumstances such as are presented in this case, the subject fire could have been
 
 *274
 
 caused by a carelessly discarded lighted cigarette or other object, the act of an incendiary, an oversupply of power, or overheating due to improper maintenance as well as to wear and tear. Consequently, the mere proof of damage by fire was not proof of damage that the plaintiffs were required to repair. Assuming that performance of the plaintiffs’ covenant to repair was a condition precedent to their recovery of rent, the obligation to perform did not arise until damage from wear and tear occurred. Under these circumstances any allegation of performance by plaintiffs of the conditions precedent prescribed by the lease, when related to compliance with their covenant to repair, in effect, would be a negative allegation, i.e., that they had not breached this covenant or that no damage existed which they were required to repair.
 

 “The general rule is that a party is not called upon to prove his negative averments, although they may be necessary to his pleading’’
 
 (Melone
 
 v.
 
 Ruffino,
 
 129 Cal. 514, 519 [62 P. 93, 79 Am.St.Rep. 127]; in accord: Code Civ. Proc., § 1869;
 
 Holmes
 
 v.
 
 Warren,
 
 145 Cal. 457, 460 [78 P. 954];
 
 Hurley
 
 v.
 
 Ryan,
 
 137 Cal. 461, 462 [70 P. 292];
 
 Dirks
 
 v.
 
 California Safe Deposit etc. Co.,
 
 136 Cal. 84, 87 [68 P. 487];
 
 Petaluma Pav. Co.
 
 v.
 
 Singley,
 
 136 Cal. 616, 618 [69 P. 426];
 
 Washington
 
 v.
 
 Washington,
 
 91 Cal.App.2d 811, 813 [205 P.2d 736]
 
 ; Dickey
 
 v.
 
 Kuhn,
 
 106 Cal.App. 300, 306 [289 P. 242
 
 ] White
 
 v.
 
 Thompson,
 
 40 Cal.App. 447, 451 [180 P. 953]), unless the negative averment constitutes a part of the substantive cause of action upon which he relies, such as want of probable cause in a malicious prosecution action, or failure to do work in a workmanlike manner in a construction contract action.
 
 (Melone
 
 v.
 
 Ruffino, supra,
 
 129 Cal. 514, 520.) The exception does not apply to the case at bar.
 

 Absent any showing of damage to the subject equipment occasioned by wear and tear, no obligation by the plaintiffs to repair it appears, and the need for proof of performance by them would not arise. Assuming the. existence of such damage, and a consequent activation of the plaintiffs’ responsibility, unless evidence thereof were produced the defendant would be defeated. By section 1981 of the Code of Civil Procedure, “the burden of proof lies on the party who would be defeated if no evidence were given on either side. ” As a consequence, the defendant had the burden of producing evidence showing not only that the equipment in question was damaged but that such damage was occasioned by wear and tear. The ruling of the trial court to the contrary, insofar as
 
 *275
 
 it applied to the plaintiffs’ cause of action for rent, was against law. Under the general rule the plaintiffs would have the burden of proving the proximate cause of damage should they seek to recover on an alleged breach of the defendant's covenant to repair and, vice versa, the defendant would have the burden of proving the proximate cause of damage should he seek to recover on an alleged breach of the plaintiffs’ covenant to repair.
 

 The foregoing conclusions render unnecessary any consideration of other contentions raised by the plaintiffs.
 

 The judgment is reversed.
 

 Shepard, Acting P. J., and Stone, J.,
 
 *
 
 concurred.
 

 [1]
 

 “It is an established rule that those covenants which run to the entire consideration of a contract are mutual and dependent. ’ ’
 
 (Medico-Dental etc, Co,
 
 v,
 
 Horton & Converse, supra,
 
 21 Cal.2d 411, 419.)
 

 *
 

 Assigned by Chairman of Judicial Council.