[Civ. No. 3370. Third Appellate District.—November 17, 1927.]

## GERTRUDE DEE, Appellant, v. THOMAS R. DEE, Respondent.

W. Preston Butcher, Jr., for Appellant.

No appearance for Respondent.

PRESTON (H. L.), J., *pro tem.*—This is an appeal by plaintiff Gertrude Dee from a judgment denying her an interlocutory decree of divorce from her husband Thomas R. Dee.

These parties intermarried in the city of Chicago on the eighth day of June, 1897, and separated in Denver, Colorado, on or about the fifteenth day of May, 1902, and there is no issue of said marriage and no community property.

Mrs. Gertrude Dee commenced this action for divorce in the superior court of the county of Santa Barbara on the eighth day of February, 1924.

Three separate and distinct causes of action for divorce are alleged in the complaint, to wit: Wilful desertion, wilful neglect and habitual intemperance.

Personal service could not be had upon the defendant Thomas R. Dee and he was served by publication, for the time, and in the manner, prescribed by law, and made no appearance whatever in the action.

Under plaintiff's first cause of action the complaint alleges: "That or on about the 15th day of May, 1902, the said defendant Thomas R. Dee, willfully and without cause, deserted and abandoned plaintiff, and ever since has, and still continues, to willfully and without cause, desert and abandon said plaintiff, and to live separate and apart from her, without any just cause or any reason, and against her will."

In support of this cause of action the plaintiff testified that prior to the fifteenth day of May, 1902, she and her husband lived in Illinois, and her husband became addicted to the over-indulgence in intoxicating liquors, to such an extent that he was unable to secure employment in said state, and they moved to Iowa. His intoxication continued, and then they moved to her people in Denver, Colorado, and her husband still continued his over-indulgence in intoxicating liquors, and on or about the 15th of May, 1902, left their home in Denver, without her knowledge, and she has not seen him since, and did not hear from him until about the time the present action was instituted (February 8, 1924), and that he has never offered to return to her. This testimony is fully corroborated by the testimony of plaintiff's mother.

Under the second cause of action for divorce the plaintiff alleges: "That said defendant, from the 8th day of June, 1897, up to and including the present date, has willfully neglected to provide the plaintiff with the common necessaries of life, he having at all times the ability so to do," etc.

In support of this cause of action plaintiff testified that by reason of the drunkenness and idleness of her husband he failed and neglected to provide her with the common

necessaries of life; that she was supported by her father and mother until she came to California, which was about eight years before the commencement of this action, and since that time she has supported herself, and that defendant has not contributed anything at all toward her support since his disappearance from Denver about the 15th of May, 1902, down to the time of the trial of this action in the court below. All of this testimony is also amply corroborated by the testimony of the mother of Mrs. Dee.

The trial court, after hearing all this evidence, found "that all of the allegations of the complaint are true, but that there was an unreasonable lapse of time before the commencement of the action, and therefore the plaintiff is not entitled to an interlocutory decree of divorce . . . and that the prayer of plaintiff's complaint for said interlocutory decree of divorce be, and the same is, hereby denied."

We are of the opinion that the court erred in denying a divorce to plaintiff. The evidence is amply sufficient, if believed by the trial court, to support a decree of divorce upon the ground of both wilful neglect and wilful desertion, and the court having found "all of the allegations of the complaint to be true," should have granted the plaintiff an interlocutory decree of divorce.

Subdivision 3 of section 124 of the Civil Code provides that a divorce must be denied in actions on the grounds of wilful neglect and wilful desertion (among others), when there is an unreasonable lapse of time before the commencement of the action.

Section 125 of the same code defines unreasonable lapse of time to be such a delay in commencing the action as establishing the presumption that there is connivance, collusion, or condonation of the offense, or full acquiescence in the same, *with intent to continue the marriage relation, notwithstanding the commission of such offense.*

None of these matters could exist in view of the facts alleged and proved by plaintiff against the defendant.

Both wilful desertion and wilful neglect are continuing offenses. (*McMullin* v. *McMullin*, 140 Cal. 112 [73 Pac. 808]; *Locke* v. *Locke*, 153 Cal. 56 [94 Pac. 244].)

The testimony shows that defendant has never, after wilfully deserting plaintiff in 1902, offered to return, and since that time and long prior thereto, and up to the time

of the trial, had not provided anything toward her support. Therefore, the status of the parties, at least from 1902 to the commencement of this action, has not changed.

Furthermore, plaintiff testified that the reason she had not commenced this action sooner was because she was without funds with which to prosecute the action, which in itself would appear, under the facts and circumstances of this case, to be a sufficient excuse for the delay.

The trial court is not authorized to deny a divorce where the evidence of plaintiff, adequately corroborated, as in the case at bar, establishes beyond question the truth of the allegations of the complaint. (*Lewis* v. *Lewis,* 167 Cal. 732 [52 L. R. A. (N. S.) 675, 141 Pac. 367]; *Kirkpatrick* v. *Kirkpatrick,* 152 Cal, 316 [92 Pac. 853]; *Benkert* v. *Benkert,* 32 Cal. 467.)

It is wholly unnecessary for us to decide whether there has been an unreasonable lapse of time in commencing the action for divorce upon the ground of habitual intemperance, for, as we have seen, the other two grounds have been fully established.

The judgment is reversed, and the trial court is directed to enter an interlocutory decree of divorce in favor of the plaintiff Gertrude Dee and against the defendant Thomas R. Dee, as prayed for in the complaint.

Plummer, J., and Finch, P. J., concurred.