[Civ. No. 1007.  Fourth Appellate District.—January 13, 1933.]

MARTHA MOFFITT, Respondent, v. ARTHUR C. MOF-FITT, Appellant.

J. E. Light for Appellant.

J. R. Wilder, Halford R. Thomas and Josef Widoff for Respondent.

VAN ZANTE, J., *pro tem.*—This is an appeal by defendant Arthur C. Moffitt from a judgment granting plaintiff Martha Moffitt a decree of separate maintenance, without divorce, on the ground of desertion. These parties intermarried May 10, 1885, and resided together in the state of Indiana for a period of approximately twenty years, or until about the twenty-sixth day of March, 1904, when defendant, with another woman, and without the knowledge or consent of plaintiff, came to California and lived in this state under the assumed name of C. A. Maple. Here he accumulated considerable property.

In the year 1909, plaintiff came to California and apparently quite by accident discovered defendant's whereabouts in Los Angeles. She visited his home where he was living with the other woman as husband and wife under the assumed name. Some steps were taken looking toward a reconciliation between the husband and wife but during this same year defendant left Los Angeles and California and lived for a time in the state of Washington. For a period of less than a year he sent plaintiff several letters and some money. Then communication between the parties ceased until in 1927. In the interim plaintiff returned to

her home in Indiana but again came to California in 1924. In the year 1927 she again discovered defendant living with the same woman under the assumed name in Los Angeles. He again gave her some money but no further steps were taken looking to a reconciliation. During all the time from 1904 to 1927, except for the period of less than one year when defendant was in the state of Washington, plaintiff was more or less diligently searching for defendant. The plaintiff in part earned a living by doing menial labor and in part was dependent for support on the charity of friends. However, she did own some property in Indiana. This was encumbered and she had been unable to sell it.

Defendant contends that the judgment awarding plaintiff separate maintenance should be reversed on the following grounds: First, that no findings were made; and, second, that plaintiff was guilty of laches. As to the first ground, since the defendant filed his notice of appeal, the plaintiff, on a showing made before the trial court on the twenty-first day of October, 1930, obtained the following minute order: "J. R. Wilder appearing as attorney for plaintiff and J. E. Light for defendant. It appearing to the Court that the Findings of Fact and Conclusions of Law signed and filed May 29, 1930, have been lost and after diligent search, have not been found; now upon motion of the plaintiff, it is ordered that a copy thereof, which the Court has duly signed and ordered filed this day, be and the same is hereby substituted in the record as of the original date for the said lost Findings of Fact and Conclusions of Law."

In accordance with said order, findings of fact and conclusions of law signed by the same judge who tried the case, and dated on the twenty-ninth day of May, 1930, were filed on the twenty-first day of October, 1930. The order was in effect *nunc pro tunc* and the filing of the copy of the findings of fact and conclusions of law under the circumstances here disclosed is expressly permitted under section 1045 of the Code of Civil Procedure. When so filed they become the findings and conclusions in the case.

As to defendant's second ground, that plaintiff was guilty of laches, we think his position untenable. He cites no authorities to sustain his position and we take it there are none. The question whether the lapse of time in bring-

ing an action for divorce or separate maintenance is reasonable or not is one which the trial court must determine. There is ample evidence in the record to support the conclusion of the trial court. (*Hansen* v. *Hansen,* 86 Cal. App. 744 [261 Pac. 503]; *Johnston* v. *Johnston,* 21 Cal. App. 181 [131 Pac. 81]; *Dee* v. *Dee,* 87 Cal. App. 17 [261 Pac. 501].) Furthermore, it has been held that wilful desertion is a continuing offense. (*Dee* v. *Dee, supra;* citing *McMullin* v. *McMullin,* 140 Cal. 112 [73 Pac. 808]; *Locke* v. *Locke,* 153 Cal. 56 [94 Pac. 244].)

■ At the hearing on appeal appellant urged that the case should be reversed on the further ground that no disposition was made by the trial court of the community property. In the findings the trial court found with reference to property rights involved, as follows: ''The Court Further Finds that said defendant has acquired certain community real property since the date of said marriage, and the same is situate in the said County of Los Angeles, State of California, and more particularly described as—(then follows particular description). But the Court makes no determination as to the rights thereto of the parties hereto, or division thereof.''

In the decree of separate maintenance no mention is made of community property. In separate maintenance actions the requirements with reference to the disposition of community property are the same as in actions for divorce. (Sec. 137, Civ. Code.) The evidence on the part of the defendant indicates that he claims to hold the real property in Los Angeles County in joint tenancy with the other woman. The indication that there was a third party interested in this property evidently led the trial court to the conclusion that the property rights should be determined in a subsequent action. Indeed, assuming this evidence of the defendant to be true, a complete determination of the property rights of the three persons could not have been had without the presence of the cotenant. Under the circumstances we believe the trial court was justified in leaving the property rights of the parties undetermined in this proceeding. ''In this state the parties may wholly omit, or in part omit, to cause their property rights to be adjudged in the interlocutory decree, or they can cause such rights to be adjudged in such interlocutory decree. (*Brown*

v. *Brown,* 170 Cal. 1, 3, 4 [147 Pac. 1168].) As to all matters contained in the interlocutory decree every attack can be made that can be made on a final decree in any other kind of suit. (Civ. Code, sec. 131.)'' (*Abbott* v. *Superior Court,* 69 Cal. App. 660, at p. 664 [232 Pac. 154, 155]. See, also, *Minium* v. *Minium,* 53 Cal. App. 55 [199 Pac. 1104]; *Percy* v. *Percy,* 188 Cal. 765 [207 Pac. 369]; *Taylor* v. *Taylor,* 192 Cal. 71 [218 Pac. 756, 51 A. L. R. 1074].) The defendant and appellant injected this issue that a third party claimed an interest in the property involved as a cotenant. No issue was raised in the pleadings concerning a division or other disposal of the community property, the complaint asking only an allowance for the support of the plaintiff. For these reasons we deem it proper and expedient on the part of the trial court to eliminate from the maintenance proceeding the disposition of the community property.

Appellant has attempted to appeal from an order denying his motion for new trial. No appeal lies from such an order. (*Burk* v. *Extrafine Bread Bakery,* 208 Cal. 105 [280 Pac. 522]; *In re Hann,* 100 Cal. App. 743 [281 Pac. 74].) The appeal from said order is dismissed.

The judgment appealed from is affirmed.

Barnard, P. J., and Marks, J., concurred.