[File No. 6389.]

JOSEPH O. HAYHURST, Respondent, v. MAUD HAYHURST, Appellant.

(266 N. W. 653.)

Opinion filed February 25, 1936. On Rehearing April 25, 1936.

*Sinness and Duffy, Cathleen Hayhurst Wheat,* of counsel, for appellant.

*J. J. Kehoe,* for respondent.

BURKE, Ch. J. This is a divorce action formerly decided by this court and reported in 65 N. D. 25, 256 N. W. 413.

In the original case the trial judge found all the facts and conclusions favorable to the plaintiff, and, on appeal, this court affirmed the judgment, with a modification as follows: "The judgment is modified to this extent that the defendant is permitted to show what allowance should be made for her support during her life, or for a shorter period as to the court. may seem just, having regard to the circumstances of the parties respectively." Thereafter, and on the 8th day of. November, 1934, the parties appeared in court, submitting additional testimony, and requested the court to take judicial notice of all the testimony in the entire. record. of the action, and .the court

found "That the defendant Maud Hayhurst have and recover judgment against the plaintiff Joseph O. Hayhurst in the sum of $1,500.00 as a complete settlement for alimony to be paid as follows, to-wit: $30.00 per month for fifty months beginning with the 1st of July, 1934."

Thereafter, and on the 8th day of April, 1935, the defendant's attorneys served notice of motion to reopen the hearing upon the question of alimony. The motion was supported by the affidavits of W. O. Hayhurst, Frank B. Leitz, and Donald Black. This motion was resisted and in opposition thereto the affidavits of the plaintiff Joseph O. Hayhurst, J. J. Kehoe, Dr. H. A. Brandes, and Dr. W. H. Bodenstab were submitted. These affidavits, in support of and in opposition to the motion to reopen the hearing, were considered by the trial judge who states in his memorandum opinion, "The Court takes into consideration all of the evidence in the case submitted on the original trial, together with the evidence had at the hearing for the purpose of determining the amount of alimony, and also the additional affidavits submitted and we find that the defendant is entitled to receive the sum of Fifteen Hundred Dollars as stated in our former memorandum opinion, to-wit: Thirty Dollars a month for fifty months, commencing with the first day of July, 1934." An order for judgment upon such finding was duly made, and from a judgment entered thereon the defendant appeals.

The only question involved in this appeal is the question, namely: Is the allowance made to the defendant by the trial judge a just allowance, having regard to the circumstances of the parties? The trial judge could, and doubtless did, observe the demeanor of the plaintiff, defendant, and principal witnesses upon the stand and was in a position to judge of their credibility. The case is here on a trial de novo, the findings of the trial judge are entitled to appreciable weight, and giving to them the consideration and weight to which they are entitled the judgment must be and is affirmed.

NUESSLE, CHRISTIANSON, BURR and MORRIS, JJ., concur.

BURKE, Ch. J. (On petition for rehearing.) In a petition for re-

hearing appellant contends that she is entitled to costs and disbursements on appeal.

Each party, by permission, filed a brief and argument and the court, having fully considered the same, is of the opinion that appellant is entitled to her costs and disbursements on appeal to be taxed at $134.92.

It is so ordered.

CHRISTIANSON, BURR, MORRIS and NUESSLE, JJ., concur.