[File No. 6888.]

ELIAS BOOZENNY, Appellant, v. HARRY DESENKO, Matt Dinga, and Harry Evenchenko, as Trustees of the First Baptist Church of Dogden, Respondents.

(10 NW(2d) 240)

Opinion filed June 18, 1943.

E. J. McIlraith, for appellant.
H. E. Johnson and O. B. Herigstad, for respondents.

BURR, J. The issue involved is solely one of fact. For a period of ten years, beginning December, 1925, plaintiff was the treasurer of the First Russian Baptist Church of Dogden, a religious corporation, and

he alleges that during this period he paid out of his own personal funds $539.25 "in order to meet and pay the maturing bills of said corporation," and that this sum "has not been paid to him and is still due and owing by the defendant."

The answer denies this alleged debt and sets forth four counterclaims totaling $641.43, wherein it is claimed plaintiff received property of the church and collected money for the church and failed to account therefor.

The case was tried to the court without a jury. The court found for the plaintiff on all of the alleged counterclaims of the defendant and for the defendant against the plaintiff on his claim.

Judgment was entered in accordance with the findings and the plaintiff appeals, demanding a trial de novo.

The question to be determined is whether the plaintiff has shown he expended his own money for and on behalf of the defendant corporation in paying claims against it. The theory on which this case was tried is that if he did so he could recover, unless the corporation had a good counterclaim.

The plaintiff and several of the witnesses spoke Russian only and the record shows considerable difficulty in eliciting testimony through the medium of the interpreter. The bookkeeping methods of the plaintiff were quite primitive. His entries were made in Russian script. His son, who speaks and writes English fluently, a high school graduate who cannot read Russian but understands it when spoken, testified he made a translation of the books kept by his father by having his father read the notations made in the Russian language, and he translated them into English. No question is raised as to the accuracy of the translation into English of the Russian the son heard his father speak, and it seems to be assumed the father read the Russian correctly.

The plaintiff's proof consists mainly of entries of alleged receipts and disbursements. Counsel for the plaintiff concedes that his claim of money due the plaintiff from the defendant rests practically entirely upon these entries, urging that the books of the plaintiff show that during the ten years he was treasurer he received for and on behalf of the defendant corporation $3,297.72, that he paid out $3,836.97, and therefore

the difference must have come from plaintiff's own personal funds, as his client claims he did advance money.

Plaintiff testified that all of the entries were in his own handwriting. Both sides concede that in December, 1930, a committee representing the corporation checked the books of the plaintiff. Plaintiff gave the names of the members of this committee and testified that this committee was appointed "to check all of the records with the trustees' approval, to straighten out. to check up on the records," and that they did so. He testifies that one Novleski was the clerk of the church, that he kept his books as clerk, "and he wrote it down, what you found you took in," and that after they had the meeting, "it was there and it was part of his record." This Novleski testified that he was the secretary of the congregation from 1926 up to date, that he kept the records of the church, and up to 1930 all the bills in connection with the remodeling of the church had been paid. Members of this committee testified to the effect that as the result of this audit it was found the plaintiff had paid all the bills of the corporation up to date and there was a balance due the church in the hands of the plaintiff amounting to between eighteen and twenty dollars. That period of five years was the period in which the greatest expense was incurred by the corporation in the purchase of its building and the repair thereof. For the next five years the receipts were slight, owing to the fact that the bills consisted merely of insurance, light (about $1 per month) and heating expenses (about $10.50 per year). During this period there was a division of the congregation into two factions, and thereafter each faction paid its proportionate share of the expenses and the plaintiff represented but one faction.

It is the contention of the defendant that after this audit was made in December, 1930, showing a balance in favor of the church in the hands of the plaintiff, the only expenses which the church incurred were for light, heating, and insurance.

The burden of proof is upon the plaintiff to prove his claim. It is impossible to tell from his record when the alleged payments set forth were made. His testimony is vague, uncertain, and indefinite. That there was an examination of his records for the purpose of auditing the same is admitted by the plaintiff. There is nothing therein to show that during that period the defendant corporation owed him anything

and this was the period of the greatest expense. The witnesses for the defendant are emphatic in their testimony as to the bills incurred after the alleged audit. The trial court found against plaintiff on his claim.

The trial court was patient with the witnesses and the occasional question which he directed showed his anxiety to have matters definitely stated. He heard all of the witnesses, he observed the actions of the interpreter, and his findings are entitled to appreciable weight. Lee v. Lee, 70 ND 79, 88, 292 NW 124, 129; Hayhurst v. Hayhurst, 66 ND 465, 266 NW 653; Thede v. Rusch, 65 ND 34, 37, 256 NW 409, 410; State v. Williston, ante, 486, 8 NW(2d) 564.

It appears plaintiff, at the end of his term, got into difficulty with this church over a matter of church discipline, and there is testimony showing it was not until after this episode plaintiff made any claim for a substantial amount. At least two witnesses testified that at the end of his treasurership in 1935, the plaintiff claimed only $25, as being due from the corporation. This the officers agreed to pay if he would show it on his books, and they say he failed to meet them for this purpose. Outside of the entries he furnished no proof here. One of the witnesses told how the plaintiff made different claims at different periods, one time claiming $25, another time $125, and later $1,200. As we view the record, the plaintiff has failed to establish a case and therefore the judgment of the lower court is affirmed.

MORRIS, Ch. J., and BURKE, CHRISTIANSON, and NUESSLE, JJ., concur.