[Civ. No. 16891. Second Dist., Div. Two. May 13, 1949.]

PHYLLIS ELIZABETH WASHINGTON, Appellant, v. JEREMIAH CALVIN WASHINGTON, Respondent.

Wellborn, Mitchell, Barrett & Rodi & Frank C. Hubbard for Appellant.

No appearance for Respondent.

McCOMB, J.—From a judgment denying plaintiff's application for a decree of divorce on the ground of desertion, she appeals.

The undisputed facts are these:

Plaintiff had lived in the county of Los Angeles, State of California, for about 25 years prior to February 19, 1948,

the date the present action was filed. She and defendant were married February 21, 1923. On November 11, 1930, defendant without explanation and without any apparent cause took his belongings and left plaintiff to support herself and the three minor children of the parties, stating to plaintiff that he was going away and that she was capable of taking care of the family. Thereafter plaintiff did not see or hear from defendant until 1935, when the county authorities brought him from Arizona because of his failure to provide for his minor children. On this date plaintiff saw defendant for one half hour and he agreed to take the two boys and provide for them, but upon his return to Arizona he failed to do so and plaintiff has not seen him since.

For the last three Christmases defendant has called on the telephone and asked about his children and whether the boys were home from the service. He has not provided any support for plaintiff or the children since he left.

Plaintiff testified that she had lived in Los Angeles for 25 years but had not filed this action sooner because having to support herself and her children she was financially unable to do so. Her daughter testified that her mother had lived in Los Angeles County to her knowledge for 21 years prior to the filing of the complaint; that her father had left her mother when the witness was 2 or 3 years old and had not lived with her mother since the time he left; that he made no explanation as to where he had been nor had he returned to plaintiff; that she had seen him only once in 1944, when she graduated from high school; and that at such time he did not make any attempt to communicate with her mother.

Upon this state of the record the trial judge denied an interlocutory decree of divorce for the following reasons: (1) long delay in bringing the action; (2) lack of proof of nonconsent to the separation; and (3) lack of corroboration of proof of nonconsent to the separation.

### QUESTIONS FOR DETERMINATION

■ First: *Was there adequate explanation of plaintiff's long delay in filing the present action for divorce?*

This question must be answered in the affirmative and is governed by this rule: Where the failure to commence an action for divorce is because plaintiff is without funds with which to prosecute such an action, such reason is sufficient excuse for the delay. (*Dee* v. *Dee,* 87 Cal.App. 17, 20 [261 P. 501].)

In the present case plaintiff's uncontradicted testimony disclosed that the reason she had failed to file an action for divorce sooner was because of the fact that she did not have sufficient funds with which to commence such an action. Therefore under the above stated rule her delay in filing the action was adequately explained by her testimony that she was financially unable to bring an action for divorce.

██ Second: *Was there lack of proof of nonconsent to the separation?*

This question must be answered in the negative and is governed by this rule: Each party must prove his own affirmative allegations. Evidence need not be given in support of a negative allegation (Code Civ. Proc., § 1869[1]), but the party holding the affirmative of the issue must produce evidence to support it, and if such evidence is not produced the finding must be against such party. (Code Civ. Proc., § 1981[2]; see also *Morrison* v. *Morrison*, 20 Cal. 431, 432; *Melone* v. *Ruffino*, 129 Cal. 514, 519 [62 P. 93, 79 Am.St.Rep. 127]; *Dirks* v. *California Safe Deposit etc. Co.*, 136 Cal. 84, 87 [68 P. 487].) Wilful desertion as a ground for divorce "is the voluntary separation of one of the married parties from the other with the intent to desert." (Civ. Code, § 95.)

In the present case defendant had the affirmative of the issue, to wit, to introduce evidence to prove that plaintiff consented to the separation,[3] and defendant having failed to introduce any evidence, there was a failure of proof on the issue, and plaintiff was entitled to a finding that she did not consent to the separation. (See *Thomas* v. *Thomas*, 133 Pa. Super.Ct. 12 [1 A.2d 686]; *Westfall* v. *Westfall*, 148 Pa. Super.Ct. 477 [25 A.2d 614]; *Bates* v. *Bates*, 153 Pa.Super.Ct. 133 [33 A.2d 281]; *Jones* v. *Jones*, 160 Pa.Super.Ct. 358 [51 A.2d 521]; *Keller* v. *Keller*, 160 Pa.Super.Ct. 480 [52 A.2d 373].)

---

[1]Section 1869, Code of Civil Procedure reads in part as follows: "Each party must prove his own affirmative allegations. Evidence need not be given in support of a negative allegation, except when such negative allegation is an essential part of the statement of the right or title on which the cause of action or defense is founded, . . ."

[2]Section 1981, Code of Civil Procedure reads: "The party holding the affirmative of the issue must produce the evidence to prove it; therefore, the burden of proof lies on the party who would be defeated if no evidence were given on either side."

[3]Section 99 of the Civil Code reads: "Separation by consent, with or without the understanding that one of the parties will apply for a divorce, is not desertion."

Third: *Was there lack of corroboration of proof of nonconsent to the separation?*

In view of our answer to the second question above, this question becomes immaterial since the burden of proof was on defendant and not with plaintiff, and plaintiff was not required to introduce evidence corroborating her nonconsent to the separation.

The judgment is reversed and the trial court is directed to enter a decree in accordance with the prayer of plaintiff's complaint.

Moore, P. J., concurred.