[Civ. No. 19990. Second Dist., Div. Two. Apr. 26, 1954.]

GEORGE C. SULLIVAN, Appellant, v. ALICE ADELAIDE KANTEL et al., Respondents.

A. Maxson Smith and Robert A. Keller for Appellant.

John A. Griffin for Respondents.

McCOMB, J.—This action was instituted by plaintiff to establish his right to a right of way and easement over land owned by defendants Fred Kantel and Alice Kantel, and to recover damages for wrongful destruction of and interference with the alleged right of way by defendants.

*Facts*: Plaintiff owns a 60-acre piece of land located about a mile from Pine Canyon Road, which is the nearest public highway in the vicinity. A road runs from plaintiff's land over the lands owned by defendants to Pine Canyon Road. Shortly after defendants took possession of their land in the latter part of 1949, defendant Fred Kantel destroyed a portion of the road across defendant Alice Kantel's land, making it impossible for plaintiff to travel to and from his property over such road.

The major portion of the road runs from Pine Canyon Road over land owned by defendant Fred Kantel up to defendant Alice Kantell's land. The remainder of said road or right of way, which runs across defendant Alice Kantel's land, was built in 1924 by Mr. Munz, who at that time owned the entire parcel of 80 acres, of which defendant Alice Kantel now owns 20 acres and plaintiff 60 acres.

After trial before the court without a jury, judgment was entered in favor of defendant Alice Kantel against plaintiff and in favor of plaintiff against her codefendant. Costs were awarded only to defendant Alice Kantel.

These are the only questions necessary for us to determine:

First: *Did the trial court properly find that the following allegations in plaintiff's complaint were untrue?*

## I

"For more than fifteen years immediately last past there has been an open, notorious, continuous and uninterrupted use of said road or right-of-way running from Pine Canyon Road across defendants' land to plaintiff's land, which use has been under claim of right, hostile to the true owner or owners and under claim of right adverse to said defendants, and their predecessors in interest, and by reason thereof plaintiff is entitled to an easement or prescriptive right-of-way as herein described in and over the defendants' land."

*Yes.* Plaintiff failed to produce any evidence that any use of the road was under a claim of right, hostile and/or adverse to the true owners. The evidence discloses that the road was used by Mr. Arnold Munz from the time of its original construction until such time as he sold the property to the Rubles. Clearly such user was not hostile to the true owner.

The evidence showing the use of the road by the Rubles also failed to establish that the use of the road was hostile to the true owner. The evidence further disclosed that the road had been used by Mr. Munz, Newbergs and the plaintiff. There was no evidence to show that the use was notorious, continuous, uninterrupted or under claim of any right hostile to the true owner; or under claim of any right adverse to the true owner or owners.

Where no evidence is introduced upon an issue, a finding thereon should be against the party who has the burden of proof. (*Lori, Ltd.* v. *Wolfe,* 85 Cal.App.2d 54, 66 [13] [192 P.2d 112]; *Wheeler* v. *Gregg,* 90 Cal.App.2d 348, 370 [21] [203 P.2d 37]; *Rancho Santa Margarita* v. *Vail,* 11 Cal. 2d 501, 543 [15] [81 P.2d 533]; *Washington* v. *Washington,* 91 Cal.App.2d 811, 813 [2] [205 P.2d 736]. See also cases cited, 21 West's Cal.Dig. (1951) Evid., § 98, p. 180.) In *Washington* v. *Washington, supra,* at page 813, the rule is accurately stated thus: ". . . the party holding the affirmative of the issue must produce evidence to support it, and if such evidence is not produced the finding must be against such party. (Citing cases.)"

Therefore the burden being upon plaintiff to produce evidence in support of the affirmative allegations of his complaint, which he failed to do, the trial court's finding is supported by the record.

## II

"Within forty-five days last past, defendants, and each of them, without the knowledge or consent of plaintiff,

and without any right so to do, have plowed up, destroyed and rendered said road or right-of-way completely impassable for vehicles.''

*Yes.* The record discloses that it was stipulated at the trial that the road was torn up by Fred Kantel, and there is a total failure of any evidence to disclose that defendant Alice Kantel, who is over 80 years of age, either tore up the road or directed that it be done. Hence the foregoing finding is supported by the record.

### III

■ ''The aforesaid road or right-of-way across defendants' land is the only means of ingress to and egress from the plaintiff's land, and it is necessary for plaintiff to have access thereto in order that he may enjoy his property, care for the shrubbery and fruit trees thereon, complete the construction of a house thereon, and complete the construction of a domestic and irrigation water supply system which will in part reduce the extreme fire hazard to plaintiff's property, all of which is deteriorating because of lack of care.''

*Yes.* The evidence of several witnesses disclosed that there were other roads leading to the property of plaintiff which had been used by parties on previous occasions. This evidence sustains the above questioned finding.

Since, regardless of whether there was evidence to sustain other findings questioned by plaintiff, the judgment predicated upon the above findings would necessarily have been in favor of defendant Alice Kantel, we refrain from discussing the other findings questioned by plaintiff.

■ Second: *Did plaintiff's evidence create a prima facie case of an implied grant of an easement across defendant Alice Kantel's property?*

*No.* The record fails to disclose that any person used the road across said defendant's property other than the owners of the property. Hence there was obviously no implied grant of an easement of way to any person.

■ Third: *Did the trial court err in refusing to admit evidence on the question of damage to plaintiff's land resulting from his being unable to use the road across defendant Alice Kantel's land?*

*No.* It is obvious that since plaintiff had failed to prove a cause of action against said defendant, any evidence as to damage on his property resulting from his inability to use a road across her property was immaterial.

Fourth: *Did the trial court err in not awarding plaintiff*

*costs against defendant Fred Kantel, against whom he obtained judgment?*

This question is not properly before us for the reason that plaintiff has not appealed from the judgment in which he is not awarded costs against defendant Fred Kantel. The only appeal is from the judgment in favor of defendant Alice Kantel.

Since no error appears in the record the judgment is affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied May 13, 1954, and appellant's petition for a hearing by the Supreme Court was denied June 23, 1954.