[Civ. No. 23606. Second Dist., Div. Three. Oct. 19, 1959.]

DEWEY C. HAGER, Respondent, v. BLANCHE HAGER, Appellant.

Charles M. Astle for Appellant.

Voltaire Perkins and John W. Hill for Respondent.

SHINN, P. J.—Dewey Hager sued his wife, Blanche, for divorce upon the grounds of cruelty and desertion and Blanche cross-complained for separate maintenance, charging cruelty and adultery. Blanche was found guilty of desertion and Dewey was found not guilty of cruelty or adultery; the court awarded Dewey a divorce and Blanche $69 per month for support until the further order of the court. Blanche appealed; Dewey did not.

The contentions on appeal are that there was insufficient evidence to support the finding that Blanche was guilty of desertion and that Dewey did not sue within a reasonable time.

There was evidence of the following facts: The parties married in 1919 and separated in 1931. At that time they had two minor children. During the era of prohibition Dewey was a bootlegger. After an absence from home of 14 days he had spent in jail for possession of a gallon of whiskey, Dewey returned home and found himself to be unwelcome. He left and went to live with a friend. Occasionally he came back to visit the children. He testified: "She [Blanche] said to keep away from there. . . . [She] didn't want me around; just to send the money and don't come around bothering. . . . I don't want

no man. I don't want you around. Just give me the money."
Dewey was ready to reconcile but that was before he "took
up with Frances Mapes." Commencing in 1934 Dewey and
Frances lived as husband and wife but there was no evidence
that they planned marriage. Dewey continued his bootlegging
and eventually became physically disabled, as a result of which
he is in receipt of two pensions. Blanche testified to a differ-
ent cause for the separation; Dewey could have remained if
he had been willing to give up bootlegging, but he refused
to change his ways. Daisy Spencer, Dewey's sister, testified
that she visited the Hagers on several occasions between 1928
and 1934; she heard Blanche tell Dewey "She didn't want to
live with him, that he was a disgrace to her and the children
by drinking or selling liquor." If the court had found that
the cause of the separation was Dewey's unwillingness to allow
home life to interfere with his career as a bootlegger, it would
have been difficult for us to understand how Blanche could be
found guilty of desertion, but there was no such finding and
we must presume that the court found that Dewey was *persona
non grata* to Blanche under any conditions. It was not for this
court to retry the factual issues. The evidence was legally
sufficient to support the finding that Blanche was guilty of
desertion.

The present action was filed in February, 1956. The
parties had been separated for 25 years. Dewey had been
living with Frances Mapes for 22 years. If the trial court had
determined that Dewey waited an unreasonably long time to
sue for divorce it would not have been difficult for us to agree.

Except where the cause is adultery or conviction of a felony
a divorce must be denied "when there is an unreasonable lapse
of time before the commencement of the action." (Civ. Code,
§ 124, subd. 3.) Delay is not unreasonable unless it establishes
a presumption that there has been "connivance, collusion, or
condonation of the offense, or full acquiescence in the same,
with intent to continue the marriage relation notwithstanding
the commission of such offense." (Civ. Code, § 125.) The
evidence was not such as to require the court to determine as
a matter of law that there was connivance or collusion between
the parties or that Dewey had condoned Blanche's desertion.

We are of the opinion that if Blanche was to urge as a de-
fense to the action the lapse of unreasonable time and that
Dewey fully acquiesced in the separation, it was incumbent
upon her to present that issue by answer to the complaint.
She failed to plead this defense.

Mere lapse of time is not of itself a bar to an action for divorce. Whether the delay has been for an unreasonable time depends upon the facts of the particular case. (*Strupelle* v. *Strupelle,* 59 Cal.App. 526 [211 P. 248] ; *Hansen* v. *Hansen,* 86 Cal.App. 744 [261 P. 503] ; *Dee* v. *Dee,* 87 Cal.App. 17 [261 P. 501] ; *Moffitt* v. *Moffitt,* 128 Cal.App. 676 [18 P.2d 387].)

We believe it was incumbent upon Dewey to allege in his complaint facts sufficient to show that notwithstanding the long delay he had not given ''full acquiescence'' to the desertion with intent to continue the marriage relation. The complaint was subject to demurrer upon the ground that it alleged no reason or excuse for the delay.

Section 125 of the Civil Code prescribes a statute of limitations as applied to desertion by denying the right to a divorce if the action is not brought within a reasonable time. It is a general rule that where the facts alleged show, prima facie, expiration of the time limited for bringing an action, excuses for the delay must also be alleged. The defense of the statute of limitations is unavailable unless it is asserted and relied upon. However, section 124 imposes upon the court a duty to deny a divorce where the action is not brought within the times specified in the section. That is the declared policy of the law. Nevertheless, it will always be a factual question whether there has been connivance, collusion, condonation or full acquiescence with intent to continue the marriage relationship unless the evidence addressed to those grounds for denying a divorce is so conclusive one way or the other as to leave the court no alternative. No doubt the uncontroverted facts in some situations would establish as a matter of law one or more of the grounds for denying a divorce but it does not follow that a trial court must or should determine ultimate factual questions which the parties do not understand to be in issue. There was no demurrer to the amended complaint; the answer did not plead the defense of unreasonable delay and that issue was not submitted to the court for decision. Plaintiff was not put on notice that the lapse of time was relied upon as a defense to the action. There may or may not have been reasons for the delay which would have carried weight with the trial court. The couple had two children and the evidence was that Dewey had supported them and for 27 years had given Blanche one of his pension checks which in recent years amounted to $69 a

month. He occasionally visited with his family and we cannot say from the record before us he could not have had and did not have a desire for an eventual reconciliation. Where the cause of action is desertion mere toleration of the condition would not necessarily amount to the full acquiescence of which the statute speaks.

 We are of the opinion that if it had been understood during the trial that the reasonableness of the lapse of time was a question for the court's decision, and if the parties had introduced no evidence other than that contained in the record, it would have been the duty of the court to find that the lapse of time was unreasonable. It appears, however, that that possible defense was first mentioned in the court's chambers when the case was ready for argument and that the point was not actually presented to the court except in the written argument of defendant which was presented in lieu of oral argument. We do not consider it to be the duty of this court to reverse the judgment for the sole purpose of the trial of an issue of fact respecting a defense to the action which the defendant had a full opportunity to present at the trial and failed to assert. We take into consideration that the present judgment awards Blanche support at the rate of $69 per month until the further order of the court and that Dewey has not appealed. It furnishes a fair and reasonable solution to the problems of the parties which they took to court.

 Dewey makes the point in his brief that the court having awarded him a divorce on the ground of desertion was without jurisdiction to order him to pay support money to Blanche. He relies upon the well settled rule that where a husband has been granted a divorce the court may not compel him to support the wife unless it is by way of enforcement of a special agreement between them. The point is not available to Dewey. He did not appeal from the judgment. He says that Blanche appealed from the entire judgment and that he joins in her appeal insofar as it is adverse to him. Unfortunately for him, this convenient procedure does not take the place of a cross-appeal. He had an opportunity to appeal from the provision of the judgment requiring him to pay support money to Blanche. Having failed to take an appeal he is bound by the judgment as it stands.

The judgment is affirmed.

Wood (Parker), J., concurred.