[Civ. No. 25530. Second Dist., Div. Four. Jan. 18, 1962.]

DEWEY C. HAGER, Plaintiff and Appellant, v. BLANCHE HAGER, Defendant and Respondent.

Voltaire Perkins and John W. Hill for Plaintiff and Appellant.

Mason & Howard and Arthur Lasher for Defendant and Respondent.

BURKE, P. J.—The interlocutory judgment of divorce awarded a divorce to the plaintiff husband in his action against

the defendant wife and ordered the cross-defendant husband to pay alimony to the cross-complainant wife. The wife (Blanche) appealed, and while the husband (Dewey) resisted the appeal he did not institute a cross-appeal. In its opinion the District Court of Appeal (*Hager* v. *Hager*, 174 Cal. App.2d 546, 550 [345 P.2d 68]) declared that "Dewey makes the point in his brief that the court having awarded him a divorce on the ground of desertion was without jurisdiction to order him to pay support money to Blanche. He relies upon the well settled rule that where a husband has been granted a divorce the court may not compel him to support the wife unless it is by way of enforcement of a special agreement between them. The point is not available to Dewey. He did not appeal from the judgment. He says that Blanche appealed from the entire judgment and that he joins in her appeal insofar as it is adverse to him. Unfortunately for him, this convenient procedure does not take the place of a cross-appeal. He had an opportunity to appeal from the provision of the judgment requiring him to pay support money to Blanche. Having failed to take an appeal he is bound by the judgment as it stands."

On February 15, 1961, Dewey filed a notice of motion for an order to vacate that portion of the interlocutory judgment of divorce requiring him to pay Blanche for support and maintenance the sum of $69 per month continuing until further order of the court.

The motion was heard and denied and this appeal was taken therefrom. ▓▓▓▓ Plaintiff had based his motion upon the ground that the portion of the interlocutory judgment of divorce purporting to award alimony to the guilty spouse, not based on a contract settling property rights, is void because it is in excess of the court's jurisdiction. This position is supported by the case law of this state. (*McLaughlin* v. *McLaughlin*, 141 Cal.App.2d 494, 498 [296 P.2d 878]; *McLaughlin* v. *Superior Court*, 128 Cal.App.2d 62, 65 [274 P.2d 745]; *Gaudio* v. *Gaudio*, 138 Cal.App. 289, 290 [32 P.2d 156]; *Johnson* v. *Superior Court*, 128 Cal.App. 584, 586-587 [17 P.2d 1055].)

There is no evidence in the transcript on appeal indicating the existence of any special agreement between the spouses. The interlocutory judgment of divorce is entirely silent as to any such agreement and in the opinion of the District Court of Appeal it was recited (*Hager* v. *Hager*, *supra*, 174 Cal. App.2d 546, 549-550), "The couple had two children and

the evidence was that Dewey had supported them and for 27 years had given Blanche one of his pension checks which in recent years amounted to $69 a month." From the record it would appear that Dewey's support of his children and wife was voluntary.

The affirmance of the interlocutory judgment on appeal did not validate the void order for the payment of alimony. The affirmance of a void judgment upon appeal imparts no validity to the judgment, but is in itself void by reason of the nullity of the judgment appealed from. (*Pioneer Land Co.* v. *Maddux,* 109 Cal. 633, 642 [42 P. 295, 50 Am.St.Rep. 67].)

The order for alimony being void on its face is severable from the valid part of the judgment and the void part may be collaterally attacked. (*Harwell* v. *Harwell,* 26 Cal. App.2d 143, 145 [78 P.2d 1167].)

Respondent asserts that the interlocutory judgment is not void on its face and points to *Pioneer Land Co.* v. *Maddux, supra,* 109 Cal. 633, for a statement of the test to determine whether a judgment is void on its face and thus subject to collateral attack. It stated the test to be (p. 642): " 'In order to make a judgment void collaterally; either 1. A legal organization of the tribunal; or 2. Jurisdiction over the subject matter; or 3. Jurisdiction over the person must be wanting; or 4. One or more of these matters must have been lost after it once existed.' "

Under the cases heretofore cited, however, it is quite clear that the court in the instant case exceeded its jurisdiction when it made an award of alimony to the offending wife not based on a contract settling property rights.

A void order may be set aside at any time. (*Svistunoff* v. *Svistunoff,* 108 Cal.App.2d 638, 641 [239 P.2d 650].)

Respondent cites the cases of *DeBurgh* v. *DeBurgh,* 39 Cal. 2d 858 [250 P.2d 598], and *Mueller* v. *Mueller,* 44 Cal.2d 527 [282 P.2d 869], as examples of cases where an order was made for the payment of alimony to an offending spouse. However, these cases are clearly not in point since in each case a divorce was granted to both the plaintiff and cross complainant, and under the applicable code section (Civ. Code, § 139) alimony could be awarded to either party.

Similarly, *Broad* v. *Broad,* 35 Cal.App. 646 [170 P. 658], and *Mohr* v. *Mohr,* 33 Cal.App.2d 274 [91 P.2d 238], are not applicable to the instant case because in those cases a decree of divorce was denied and under the applicable code section

(Civ. Code, § 136) the court was authorized to require the husband to maintain the wife and children or any of them.

The remaining case cited of *Hudson* v. *Hudson,* 52 Cal.2d 735 [344 P.2d 295], dealt with the power of the court following a default divorce decree granted in another state and is clearly to be distinguished from the instant case.

The order of the trial court denying plaintiff's motion for an order to vacate that portion of the interlocutory judgment of divorce which awards alimony to the cross-complainant is reversed.

Jefferson, J., and Balthis, J., concurred.